# FRISBEE vs. LANGWORTHY.

APPEAL FROM CIRCUIT COURT, MILWAUKEE COUNTY.

Heard April 23.]                 [Decided June 4, 1860.

### *Replevin—Practice—Chattel Mortgage.*

Where an officer by virtue of an execution against the goods of a mortgagor of personal property, levies upon, and sells the entire property, instead of the mortgagor's interest, such a levy and sale are illegal acts, for doing which, the writ will furnish no justification, and the mortgagee may maintain an action for the same.

*Cotton vs. Marsh,* 3 Wis., 221; and *Cotton vs. Watkins,* 6 id., 629, considered and approved.

Where property is subject to a lien, and the lien holder is entitled to the immediate possession of the property, if a levy be made upon the whole in defiance of this right, it is a trespass, and replevin may be maintained.

A chattel mortgage, which provides that the mortgagee may take possession of the property, and sell at any time he may deem his debt insecure, will enable the plaintiff to maintain an action against an officer who seizes the property, although the debt be not due.

Where the answer of the defendant in an action of replevin, denied, generally, the facts in the complaint, the defendant cannot, under such an answer prove that the plaintiff's claim to the property is fraudulent and void as to creditors.

This was an action in replevin, under the code, by the plaintiff against the defendant, who was the sheriff of Milwaukee county. The complaint was in the usual form, averring title to the possession of the property taken, a piano taken from Horace Belden. The answer was a general denial, of " each and all the material allegations of the complaint."

On the trial the plaintiff proved the taking of the property on an execution issued by a justice of the peace, in favor of Wells & Dixon against the goods, &c., of Belden; and the value of the property $150. The plaintiff also proved a chattel mortgage made by Belden to him for $1500, covering "all of the household furniture contained in the dwelling house situated," &c., according to a schedule, in which was this property. This mortgage was payable in one year, from the 29th of October, 1858, and provided for taking possession and selling in case of failure; also, in case Frisbee should at any time deem the debt insecure, it should be lawful for him to take possession of the property, and sell the same at public or private sale. The levy was made May 18, 1859, and this action commenced immediately. On the trial the defendant propounded several questions to Belden, to prove that the mortgage was fraudulent and void, and that no indebtedness existed thereon from Belden to the plaintiff. This was objected to because the answer did not contain any allegation impeaching the mortgage. Verdict was had for the plaintiff and judgment entered accordingly, from which this appeal is taken.

*Schurtz & Paine,* for the appellants, upon the point that where the mortgaged chattels remained in the hands of the mortgagor, they might be taken in execution, subject to the rights of the mortgagee, cited, *Curd vs. Wunder,* 5 Ohio, 92;

*Hull* vs. *Carnley*, 1 Kernan, 501; *Fenn et al* vs. *Bittleston et al.*, 8 Engl. Law and Eq. Rep., 483; *Fairbanks et al.* vs. *Bloomfield et al.*, 5 Duer, 434; *Livor vs. Orser*, 5 Duer, 501; *Gordon vs. Harper*, 7 T. R., 9; *Hull vs. Carnley*, 17 N. Y., 202; *Mercer vs. Tinsley*, 14 B. Monroe, 273; *Averill vs. Irish*, 1 Gray, 254; *Randall vs. Cook*, 17 Wend., 53; *Mattison vs. Baucus*, 1 Comst., 295; *Fairbanks vs. Bloomfield*, 5 Duer, 434; *Livor vs. Orser*, 5 Duer, 501.

*Adams & Pitkin* for the respondent on the same points cited, *Cotton vs. Watkins*, 6 Wis., 629 ; *Marsh vs. Cotton*, 3 Wis., 221 ; *Luke vs. Parker*, 16 Pick., 462; *Bullock vs. Williams*, 16 id., 33 ; *Amos vs. Phelps*, 18 id., 314.

*By the Court*, DIXON, C. J. The cases of *Cotton vs. Marsh*, 3 Wis., 221, and *Cotton vs. Watkins*, 6 id., 629, must be regarded as having settled the law of this state to be that where an officer by virtue of an execution or attachment against the goods of a mortgagor of personal property levies upon or sells the *entire* property mortgaged, instead of the interest of the mortgagor, thereby assuming to control and dispose of it regardless of the prior rights of the mortgagee, such levy and sale are illegal acts for which the writ furnishes no justification, and for which the mortgagee may maintain an action. This is of course understood as applying only to cases where the statute has been complied with and the transaction between the mortgagor and mortgagee is otherwise unobjectionable. In the first named case this doctrine is laid down without limit or qualification, and therefore that of the court of appeals of New York, in the cases of *Hull vs. Carnly*, 1 Kern., 501, and 17 N. Y., 202, cannot be considered as the law here. Such seizure and sale are regarded in the same light as a like seizure and sale of the property of partners, joint owners or tenants in common upon writs or executions against one of them, or of the property of a debtor in the hands of a third person having a specific lien thereon,

and fall within the principles of the cases of *Wheeler vs. McFarland*, 10 Wend., 318 ; *Phillips vs. Cook*, 24 id., 388 ; *Waddell vs. Cook*, 2 Hill, 47 ; *Welch vs. Adams*, 3 Den., 125 ; and *Mellville vs. Brown*, 15 Mass., 82.

It is true that in the cases of partners, joint tenants and tenants in common the sheriff may seize the whole property, but he must sell only the share of the partner, or tenant against whom the execution is ; and if he sell the whole he thereby becomes a trespasser *ab initio*.     *Phillips vs. Cook*, *Waddell vs. Cook, and Mellville vs. Brown*, *supra*.     But in the case of property subject to a lien where the lien holder is either in, or entitled to the immediate possession of the property, it seems that a levy upon the whole of it, in defiance of his rights is unauthorized by law and a trespass, on account of which he may maintain replevin.   This point was directly ruled in the case of *Wheeler vs. McFarland*, and appears to be the doctrine of this court in the cases above cited.   The levy in this case was upon the entire property and not upon the interest of the execution debtor, subject to the rights of the plaintiff as mortgagee, and hence was unauthorized ; and being so, no demand of the goods was necessary in order to enable the plaintiff to maintain his action.

The other point upon which the cases of *Hull vs. Carnly* turned, viz : that the plaintiff had no such right of possession at the time of the alleged injury, as to warrant him in bringing the action, (trespass) may be good law, but it is not applicable to the present case.   Here, by the express terms of the mortgage, the plaintiff was authorized to take possession of and sell the property at any time he saw fit, or what is the same thing, at any time he deemed his debt insecure.   There the mortgagee had *no right of possession* until after ᐧdefault in payment, the time for making which did not arrive until more than three months after the seizure.   It is very evident that if by virture of the mortgage in this case the plaintiff

had had no right of possession until after condition broken, he could not, at the time this suit was commenced, whatever else might have been his remedy, have maintained it. Replevin is a substitute for trespass and trover, to maintain either of which in addition to his qualified property in the goods, he must have shown either that he had or was entitled to the immediate possession of them. 1 Chitty Pl., 168–9.

The testimony offered by the defendant for the purpose of proving that the mortgage as between the mortgagee and the creditors of the mortgagor was fraudulent and void, and that the creditors were entitled to treat the property as the property of the mortgagor, was properly excluded, for the reason that no foundation was laid for such evidence in the pleadings. The answer simply denies the facts alleged in the complaint and contains no averment that Belden, the judgment debtor had as to creditors or others any interest whatever in the property. No proof therefore, except what appeared from the plaintiff's own showing, that he had an interest as mortgagor subject to the prior rights of the plaintiff, and which as such the defendant might have seized, was admissible. If the defendant had intended to show that the entire property was liable to seizure and sale at the instance of Belden's creditors he should have alleged in his answer facts showing either that the mortgage was fraudulent and void as to them, or that Belden was the owner of the property. Neither of these things having been done the evidence was properly rejected.

The judgment of the circuit court is affirmed.