## HUEBNER vs. KOEBKE.

### *Chattel Mortgage.*

A clause in a chattel mortgage, providing that if the mortgagee shall at any time deem himself insecure, he may take possession of and sell the property, vests in him an absolute discretion; and his right does not depend upon his having *reasonable ground* for deeming himself insecure.

APPEAL from the Circuit Court for *Manitowoc* County.

On the 15th of September, 1874, the defendant executed and delivered to the plaintiff, *Juliana Huebner,* a chattel mortgage to secure payment of a promissory note of the same date, and the mortgage contained the following clause: " In case the said *Juliana* shall at any time deem herself insecure, it shall be lawful for her to take possession of said property, and sell the same at public or private sale." Before said note fell due, the plaintiff, " deeming herself insecure," as she alleges, " and the property in danger of being wasted and destroyed," demanded possession of the mortgaged property

from the defendant, and, upon his refusal to deliver it, brought this action to recover possession thereof; and she entitled herself to and acquired the possession *pendente lite*, under the statute. The answer, besides raising certain issues not important here, alleges that the property had all been kept, since the making of the mortgage, with all necessary and proper care, and was subject, at the time said demand was made, to the same usage as when the mortgage was made, and that the risk had not been increased, etc.

On the trial, the court instructed the jury, among other things, that if the plaintiff had reasonable ground for deeming herself insecure, then she had a right to demand and take possession of the property; but that if they found that there was no reasonable ground for her deeming herself insecure, they must find for the defendant.

The defendant had a verdict; a new trial was denied; and plaintiff appealed from a judgment on the verdict.

For the appellant, a brief was filed by *White & Forrest*, and the cause was argued orally by *G. A. Forrest*. They contended, among other things, that it was enough that plaintiff deemed herself insecure, to entitle her to the possession of the property, under the terms of the mortgage. *Welch v. Sackett*, 12 Wis., 243; *Frisbee v. Langworthy*, 11 id., 375; *Saxton v. Williams*, 15 id., 292; *Hall v. Sampson*, 35 N. Y., 274.

*L. J. Nash*, for the respondent, argued that the above recited clause of the mortgage is itself a stipulation for possession by the mortgagor, and gave him the right of possession so long as the facts and circumstances respecting the parties and the property remained unchanged; and that the mortgagor was entitled to good faith and fair dealing, and could not be subjected to the perils of an insane freak or malicious or fraudulent intention on the part of the mortgagee in the exercise of her rights under that clause. *Hall v. Sampson,* 35 N. Y., 274; *Hathaway v. Brayman*, 42 id., 322; 2 Hilliard on Mort., ch. 46, § 29.

RYAN, C. J. The chattel mortgage contains no other provision for the possession of the articles mortgaged, before maturity of the debt secured, than the clauses that, upon default at maturity, the mortgagee might take possession and sell, and that, if the mortgagee should at any time deem herself insecure, she might in like manner take possession and sell.

We can have no doubt that the latter clause operates to vest an absolute discretion in the mortgagee. Says DIXON, C. J., speaking of a clause in the same words in *Frisbee v. Langworthy*, 11 Wis., 375: "By the express terms of the mortgage, the plaintiff was authorized to take possession of and sell the property at any time he saw fit, or, what is the same thing, at any time he deemed his debt insecure." And this construction is affirmed of a clause not materially different, in *Welch v. Sackett*, 12 Wis., 243. See *Cotton v. Marsh*, 3 Wis., 221, in which the record shows, although the report does not disclose, that the chattel mortgage contained a clause precisely like that in this case; and also *Cotton v. Watkins*, 6 Wis., 629. So that the question is not an open one in this court.

The learned judge who tried the cause below, did not take the same view. He refused to give this construction to the jury; but charged, in effect, that the mortgagee could act upon the clause only in case she had reasonable ground for deeming herself insecure. That construction rests the right of the mortgagee upon the fact, and not upon her view of the fact; and virtually makes the right dependent on the insecurity of the mortgagee in fact, and not upon her apprehension of her insecurity. That is doing violence to the language and spirit of the clause, as the parties wrote it. As written, it does not import that the mortgagee should act at her peril of the fact, but that she may act upon her apprehension, well or ill founded, of the fact. That was the discretion confided by the mortgagor to the mortgagee. Indeed, when we speak of the fact, we may not be quite accurate; for the insecurity of a debt often rests rather in opinion, in apprehension, in *deeming*,

than in fact.   A debt might be insecure, not from present want of security, but by likelihood of its diminution or failure.

*By the Court.* — For this error, the judgment of the court below is reversed, and the cause remanded for a new trial.