WELLS v. CHAPMAN.

1. **Chattel Mortgage**: TERMS OF: FORECLOSURE BEFORE DEBT DUE: EXECUTION AGAINST MORTGAGOR. Where a chattel mortgage provided that the mortgagor might, whenever he chose so to do, take immediate possession of the mortgaged goods and sell the same in satisfaction of the mortgage debt; *held* that the mortgagor might assert the right thus given when the goods were seized by an officer upon execution against the mortgagor, even though the mortgage debt was not then due, and that, after the assertion of such right, there was no interest left in the mortgagor which was subject to execution.

2. ———: LEVY OF EXECUTION ON MORTGAGED CHATTELS: NOTICE TO OFFICERS: INDEMNIFYING BOND. Where an officer had levied an execution on mortgaged chattels, and the mortgagor gave written notice to the officer that he was the owner of the chattels by virtue of a chattel mortgage, and that he demanded the immediate return of the chattels to the place from which they had been taken by the officer *held*

that such notice was sufficient, under § 3055 of the Code, to render the further possession of the goods by the officer wrongful, and to entitle the officer to demand an indemnifying bond, and to render him liable to a personal action under said section of the Code.

## Appeal from Polk Circuit Court.

### SATURDAY, OCTOBER 21.

THIS is an action for the recovery of damages for the alleged unlawful conversion of certain personal property. It is averred in the petition that the property was taken by virtue of an execution against one L. Wells, in favor of Lord Stoughtenburg & Co. That the plaintiff was the owner thereof by virtue of a chattel mortgage executed and delivered by said L. Wells to the plaintiff. It is further averred that, after the goods were seized by the defendant, the plaintiff served upon the defendant a notice of ownership and demand for a return of the goods.

Copies of the mortgage, and of the notice and demand are exhibited with the petition.

There was a demurrer to the petition which was overruled, and the defendant failing to plead over, judgment was rendered against him, and he appeals.

*Finkbine & McClelland,* for appellant.

*Sickmon & Barclay,* for appellee.

ROTHROCK, J.—I. The amount in controversy being less than one hundred dollars, the circuit judge has certified certain questions upon which it is said an opinion of this court is desired. The first of these questions is as follows: "Did L. Wells, the mortgagor of the chattel property referred to in the petition, and being in the possession thereof under the terms of the mortgage attached to said petition, * * * have an interest therein which could be levied on and sold under execution?"

Counsel for appellants contend that this question should be

answered in the affirmative, because the debt secured by the mortgage was not due when the property was levied upon, and the mortgagor having the right of possession, and the mortgage being a mere lien, the property could lawfully be seized and sold as the property of the mortgagor, and the mortgagee, when his debt became due, could follow the property and foreclose the mortgage.

Whether the mortgagor of chattel property has in any case such an interest in the mortgaged property as may be sold on execution, we need not determine in this case. We must be governed by the stipulations contained in this mortgage. It contains the following provision:

"And I, the said Lewis Wells, do hereby covenant and agree to and with the said D. N. Wells, that, in case of default made in the payment of the above mentioned promissory note, or in case of my attempting to dispose of, or remove from said county of Polk, the aforesaid goods and chattels or any part thereof, or whenever the said mortgagee shall choose so to do, then and in that case it shall be lawful for said mortgagee or his assigns, by himself or agent, to take immediate possession of said goods and chattels, wherever found, the possession of these presents being sufficient authority therefor, and to sell the same at public auction, or so much thereof as shall be sufficient to pay the amount due, or to become due, as the case may be, with all reasonable costs pertaining to the taking, keeping, advertising, and selling of said property. The money remaining after paying said sums, if any, to be paid on demand to the said party of the first part. Said sale to take place in the city of Des Moines, in the county of Polk, and State of Iowa, after giving at least ten days' notice thereof, by posting up written notices in three public places in said county."

Under this stipulation the mortgagee had the right, when-ever he should "choose so to do," to take possession of the property and foreclose the mortgage, whether the debt was due or not. He chose to assert that right when the property

was seized by the defendant, and when he asserted his right there was no interest left in the mortgagor which was subject to execution. It is proper to observe that the mortgage was duly recorded, and was notice to the defendant, and the whole world.

Under the provisions of a mortgage like this it is immaterial whether the title to the mortgaged property be in the mortgagor or mortgagee. The rights of the parties are made plain by the instrument itself, and the rule here announced is, in our opinion, not inconsistent with any case determined by this or any other court.

II. Two other questions are certified which may be considered together. They are as follows:

"2. Was the notice served by the plaintiff on defendant and set out as Exhibit 'A' to plaintiff's petition, such a demand by plaintiff of the possession of said mortgaged property as to render the further possession of said property by defendant wrongful?"

3. "Was said notice set out as Exhibit 'A', to plaintiff's petition sufficient notice to entitle the officer, defendant, to require an indemnifying bond under § 3055 of the Code, and to render him liable to a personal action under the provisions of that section?"

The notice and demand which was served upon the defendant by the plaintiff are contained in an instrument of which the following is a copy:

"*To Thomas Chapman:*

" You are hereby notified that I am the owner of all the goods, wares and merchandise this day levied upon by you in case of *Lord Stoughtenburg & Co. v. L. Wells*, and that I am such owner by virtue of a certain chattel mortgage recorded in Polk county records, in Book No. 92, page 405 thereof, and that I demand of you the immediate return of said goods to the place from which you took the same, and in case of your non-compliance I shall sue you for the value thereof."

It is also averred in the petition that the defendant had

actual notice of the plaintiff's interest in the property before the levy was made. If under these circumstances any demand was necessary, we think the demand above set forth was sufficient.

It is claimed that it is not a demand that the possession be delivered to the plaintiff, but a demand that the goods be returned to the place from whence they were taken. This position we think cannot be maintained. The demand was to return them to a certain place. The person to whom they were to be delivered was not designated, nor was it necessary to do so. We think the demand was a sufficient indication that the plaintiff intended to proceed to a foreclosure of his mortgage.

It is urged that the notice of ownership was insufficient, because it shows on its face that the property did not "belong" to the plaintiff within the meaning of § 3055 of the Code. We do not think the law should have any such a restricted construction. The notice sets out that the plaintiff is the owner by virtue of the chattel mortgage, and we think the notice sufficiently evinces the purpose and intention of the plaintiff to claim his right of possession, and present right of foreclosure provided for in the mortgage.

The court below having held in accordance with the views herein expressed, the judgment will be

AFFIRMED.