## MILES v. LEFI.

1. **Estoppel**: SALE OF PERSONAL PROPERTY. One who stands by and encourages a stranger to purchase property offered for sale under foreclosure of a chattel mortgage, cannot afterwards be heard to claim, as against such stranger, that he had at the time of such sale a paramount claim on the property purchased, no matter what the nature of such claim may be.

2. **Lis pendens**: NO APPLICATION TO PERSONAL PROPERTY. The doctrine of *lis pendens* has no application to personal property.

*Appeal from Tama District Court.*

SATURDAY, DECEMBER 9.

THIS is an action for the value of two horses of which the plaintiff alleges he was the owner, and that defendant converted the same to his own use. The answer was a general denial. A jury was waived, and a trial was had before the court, and judgment was rendered for the plaintiff. Defendant appeals.

*D. D. Applegate* and *W. H. Stivers*, for appellant.

No appearance for appellee.

ROTHROCK, J.—There is no dispute as to the facts of the case, which are as follows:

In May, 1876, one Schlichting, being then the owner of the property in controversy, executed to the defendant Lefi two chattel mortgages upon it, and other property, to secure a

certain indebtedness.    The mortgages were duly recorded. In December, 1877, the defendant commenced a foreclosure of the mortgages by notice and sale.    Schlichting enjoined the foreclosure, and transferred the same to the Circuit Court. One Reichman and John Schlichting became sureties on the injunction bond, and took a mortgage from Schlichting, the owner of the property, to indemnify them for becoming sureties.    Pending the said injunction suit, the sureties in the injunction took possession of the property described in their mortgage, including the property in question, and foreclosed the mortgage by publicly selling the property in controversy to the plaintiff herein.

The defendant was present at the sale and made no objection thereto, and he bid off other property at the sale.    Upon this feature of the case the plaintiff testified upon the trial as follows:

"I did not know any one at the sale without it was defendant, and he recommended me to buy the mares.    I did not see defendant the day of the sale, before I bought the horses. It was at the sale. I did not know but what it was defendant's sale.    I saw defendant at the sale.    I had a talk with him.    I asked him if the blind horse was good.    He said he knew it well and it would suit me.    There was nothing said about the other horse.    Defendant was purchasing property at the sale the same as I was.    *    *    *    *    *    I asked the defendant, if he thought the halters went with the horses, and he said he thought not."

After this sale the injunction suit was tried and the defendant herein recovered a judgment against the mortgagor and the sureties in the injunction bond, and special execution issued for the sale of the mortgaged property, including that in controversy, and the sheriff by virtue thereof seized and sold the property to the defendant.

The question to be determined is, was the defendant estopped by his acts and conduct at the first sale of the property from afterwards disputing the validity of that sale.    We think

it very clear that he was. The plaintiff was in no manner a party to the injunction suit. He appeared at the sale at which he purchased the horses as a stranger.

The silence of the defendant, and not only that, but his acts and declarations, were such as to induce strangers to believe that he had no claim upon the property. He cannot afterwards assert that he had such claim when the plaintiff made his purchase. And it can make no difference by what right he claims, whether as prior mortgagee, or purchaser at an execution sale to which the plaintiff is a stranger. The doctrine of *lis pendens* has no application to personal property, and, if it had, the defendant cannot be permitted to make this claim now.

As is said in *Gregg v. Wells*, 10 Ad. & E., 90, "A party who negligently or culpably stands by and allows another to contract on the faith and understanding of a fact which he can contradict, cannot afterwards dispute that fact in an action against the person whom he has himself assisted in deceiving."

AFFIRMED.