Gage and another vs. Wayland.

GAGE and another, Appellants, vs. WAYLAND, Respondent.

*December 14, 1886 — January 11, 1887.*

*(1) Demurrer: Verification.    (2) Chattel mortgages: Replevin by mortgagee deeming himself insecure.*

1. A complaint is not demurrable by reason of any fact which appears only by the affidavit of verification.
2. A mortgagee of chattels, who is authorized by the instrument to take possession if at any time he deems himself insecure, may demand the property at any time and, upon refusal of the mortgagor to deliver it, may maintain replevin therefor.

APPEAL from the Circuit Court for *Eau Claire* County.

After alleging that the plaintiffs are partners, the complaint proceeds as follows: "That on or about the 19th day of June, 1885, the above-named *Elizabeth A. Wayland* executed and delivered to the plaintiffs, as such copartners, a chattel mortgage, of which a copy is hereunto annexed as a part of this complaint; that the property described in said mortgage consisted of a certain stock of millinery goods and certain store fixtures, the same being all the personal property, of whatever description, on the 19th day of June, 1885, situate in the store building No. 321 South Barstow street, in the city of Eau Claire, in said county and state,— that is to say, in the store on that day occupied by said defendant as a millinery store,— which said millinery goods and store fixtures are particularly described and enumerated in a list and inventory thereof hereunto attached, marked 'Schedule A,' and made a part of this complaint, all of the value of $1,000; that said mortgage was made in good faith and without intent to defraud creditors or purchasers, and was given to secure the payment to the plaintiffs of the sum of $466, with interest from the date of said mortgage, in which sum the defendant was theretofore indebted to the plaintiffs on an account for goods sold her, the defendant, by the said plaintiffs, and which she then owed the plaintiffs." It is then alleged that after duly filing a copy of the mortgage in the office of the proper city clerk, and on the day it was executed, the plaintiffs, for reasons stated in the complaint, deemed themselves insecure, and thereupon, by their agent and attorney, duly demanded the mortgaged property of the defendant, who refused to deliver possession thereof to them.

This is an action of replevin brought to recover the possession of such property, a specific schedule of which is annexed to and made a part of the complaint. The chattel mortgage, which is also annexed to and made a part of the

complaint, contains the usual clause to the effect that if the mortgagees at any time should deem themselves insecure they are authorized to take possession of the mortgaged property and hold or dispose of the same.

The defendant demurred to the complaint on the grounds (1) that the plaintiffs have not legal capacity to sue; and (2) that the complaint does not state facts sufficient to constitute a cause of action. The plaintiffs appealed from an order sustaining the demurrer.

The cause was submitted for the appellants on the brief of *L. A. Doolittle.*

*J. F. Ellis,* for the respondent, contended, *inter alia,* that it is not sufficient for the mortgagee to *claim* that he deems himself insecure generally. He must decide that fact in his own mind in good faith and at a definite time; and that even does not authorize him to take possession unless he exercise that right *at once.* A delay is a waiver of that right. *Berrinkott v. Traphagen,* 39 Wis. 219; *Rosseel v. Jarvis,* 15 id. 571. The complaint should have alleged that the right was so exercised. When the mortgagee of real estate wishes to exercise an option he must notify the mortgagor (*Marine Bank v. Internat. Bank,* 9 Wis. 57; *Basse v. Gallegger,* 7 id. 442); and the same reasons apply with greater force to chattel mortgages.

LYON, J. 1. The proposition that the plaintiffs have not legal capacity to sue rests entirely upon the statement in the affidavit of the plaintiffs' attorney verifying the complaint, to the effect that neither of the plaintiffs is capable of making the same. It is a sufficient answer to this that the affidavit of verification is no part of the pleading, and is not reached by a demurrer to the pleading. The complaint shows that the plaintiffs are *sui juris.*

2. While there is no express averment in the complaint that the plaintiffs are entitled to the possession of the prop-

erty claimed, facts are stated which, if true, entitle them to such possession, and render the defendant liable to an action for failure to deliver the property to the plaintiffs on demand. It sufficiently appears that the defendant was the owner and in possession of the property, and mortgaged it to the plaintiffs to secure a debt she owed them, and gave them the right to take possession of it if they deemed themselves insecure. This was equivalent to giving them the right of possession whenever they chose to demand the property. *Huebner v. Koebke*, 42 Wis. 319; *Cline v. Libby*, 46 Wis. 123; *Frisbee v. Langworthy*, 11 Wis. 375. They demanded the property of the defendant, and she refused to surrender it. The cause of action against her was then complete. All this appears by apt and proper averments of fact in the complaint. Hence it states facts sufficient to constitute a cause of action. The demurrer is not well taken.

*By the Court.*— Order reversed, and cause remanded with directions to the circuit court to overrule the demurrer.