ALONZO RICHARDSON, Appellee, v. C. E. COFFMAN, Appellant.

| | |
|---|---|
| 87 | 121 |
| 90 | 705 |
| J90 | 708 |
| 87 | 121 |
| J100 | 568 |
| 87 | 121 |
| 111 | 511 |
| 87 | 121 |
| 140 | 735 |

1. **Warranty**: BREACH: PLEADING AND PROOF. In an action for breach of warranty of a mare, the evidence was that the defendant represented that she would stand the work that the plaintiff had to do. *Held*, that this could not be regarded as a warranty, but that, if it was so regarded, there could be no recovery for its breach, where reliance upon it was neither pleaded nor proved.

2. **Chattel Mortgages**: CONSTRUCTION: RIGHT OF MORTGAGEE TO SELL BEFORE DEFAULT. Where a chattel mortgage provided that upon default of the mortgagor, or his attempting to dispose of or remove the chattels from the county, or whenever the mortgagee should choose so to do, the latter might take possession of the mortgaged property and sell the same, in the manner stipulated, for the payment of the secured debt, *held*, that he might seize and sell it whenever he elected so to do, provided he acted in good faith, whether the debt was due or not; and that, in an action for damages for prematurely seizing and selling the property, it was error for the court to refuse to instruct the jury to that effect.

3. ————: FORECLOSURE: PURCHASE BY MORTGAGEE. Upon the foreclosure of a chattel mortgage, the mortgagee may lawfully bid in the property. A sale to him is not void in this state.

4. ————: FORECLOSURE SALE: SILENCE OF MORTGAGOR: ESTOPPEL. Where mortgaged chattels are seized and sold by the mortgagee, and the mortgagor stands by and sees it done, but remains silent, his silence will estop him from afterwards claiming, as against innocent third persons purchasing such property, that the sale was for any reason invalid, but he is not estopped from asserting such claim as against the mortgagee, though the mortgagee is himself the purchaser of the property.

5. **Verdict**: IMMATERIAL SPECIAL FINDINGS: SETTING ASIDE. Special findings which are immaterial to the issues, or which are shown by other material findings to be immaterial, should be set aside upon a proper motion for that purpose.

6. ————: INSTRUCTION TO JURY: OBJECTIONS. An objection to an instruction of the trial court, directing the jury that they need not return a general verdict unless they choose to do so, can not be considered in this court, where no exception was taken to the instruction.

*Appeal from Harrison District Court.*—HON. G. W. WAKEFIELD, Judge.

SATURDAY, JANUARY 21, 1893.

ACTION to recover damages for the alleged wrongful seizure and sale of property under a chattel mortgage. The defendant appeals.—*Reversed.*

*L. R. Bolter & Sons,* for appellants.

No appearance for appellees.

KINNE, J.—The plaintiff claims of the defendant one hundred and eighty dollars damages for wrongfully taking possession of, and selling under a chattel mortgage, before the debt secured thereby was due, one mare and certain corn; also for breach of warranty of a horse sold to him. It is also alleged that the sale under the mortgage on the horse was had without notice, that there was no competition, and that the defendant bid in the property. The defendant admits the sale of the mare and corn under his mortgages, but says he sold in accordance with the provisions of the mortgages; denies that he warranted the mare sold plaintiff; denies all other allegations in the petition; avers that there is due him from plaintiff on two notes ninety-two dollars. In a reply plaintiff denies all affirmative allegations in the answer.

I. The plaintiff averred in his petition that the mare purchased by him of the defendant was warranted to be "sound in every particular;" that she proved to be unsound and diseased, and he sustained damages thereby. The plaintiff testified touching this matter as follows: "I asked him if the horse would stand up and work, and was sound and solid, and I asked him if the mare was with foal; and he said she was, and he said that she would stand the work I had to do." Now the plaintiff's only claim is that the mare was in fact diseased, and would not do his work. No claim is made that the mare was not with foal. The jury found a warranty. It will be observed that there is no claim in the petition that the plaintiff relied on the warranty, if one was made. Nor does the testimony show that the plaintiff was misled into relying on any statement of the defendant's which would amount to a warranty. It is only by inference that such a thing can be gathered from the pleading or testimony. We do not see how the statement that the mare would stand the work of the plaintiff can be construed to be a warranty. It was, at most, a mere expression of opinion, and not a representation or affirmation amounting to a warranty. To constitute a warranty, there must not only be "an assertion or affirmation of quality made by the owner during a negotiation for the sale" of the mare, "which it may be supposed was intended to cause the sale," but it must also appear that it "was operative in causing it." Now the petition should allege, not only the warranty, and its breach, but also the fact that the purchaser bought relying upon it, and the testimony should establish the same facts to authorize a recovery thereon. It seems to us that reliance upon the warranty is neither pleaded nor proved, even if it be conceded that one was made. *Tewkesbury v. Bennett*, 31 Iowa, 83; *McGrew v. Forsythe*, 31 Iowa, 179, 181; *Jackson v. Mott*, 76 Iowa,

*1. WARRANTY: breach: pleading and proof.*

263, 265; *McDonald Manufacturing Co. v. Thomas*, 53
Iowa, 558, 560; *Figge v. Hill*, 61 Iowa, 430. We think
there was no evidence justifying this finding by the
jury.

II. Two counts of the petition are based on a wrong-
ful sale of the mortgaged property before the matu-
2. CHATTEL mort- rity of the debt secured by the mortgages.
gages: con-
struction: right It is also alleged that the sale was had
of mortgagee
to sell before without notice, and that there was no
default.
competition. Neither of these allegations
was established. In fact the evidence conclusively
shows that the notices required by the mortgages were
given; that the sale was a public one; that many people
attended it, and in all respects it was fairly conducted.
The court submitted to the jury the following, among
other special interrogations: "Do you find from the
evidence that the defendant, deeming himself unsafe,
took possession of the mortgaged property, by his agent,
about October 31, 1890?" The jury answered, "No."
Error is assigned on the submission of the interrog-
atory; also because the court permitted the plaintiff to
testify as to the value and amount of the property on
which the mortgages were given, and which had been
foreclosed; also that the court failed to instruct the jury
as to the law touching the alleged wrongful sale of the
mortgaged property. Complaint is also made of the
refusal to give instructions 1, 2 and 4, asked by the
defendant. The first instruction, in effect, told the jury,
if the plaintiff was about to dispose of any of the mort-
gaged property, that defendant had a right to take
immediate possession of the property, and sell it, as
provided by the terms of the mortgage. The second, in
substance, was that, under the terms of the mortgages,
the defendant had the right to take possession of the
mortgaged property whenever he deemed himself unsafe,
and elected so to do, and sell it, as provided by the
mortgages, and, if he did so, such sale was valid and

binding on the plaintiff, and he could not recover damages by reason of such sale of the property. The fourth told the jury that the plaintiff could not recover, as no evidence had been offered to show compliance on his part with the terms of the mortgages, and other facts which need not be stated. We will consider all these assignments of error in one division of the opinion, as they all relate to, or present, the same legal question.

The right of the defendant, by virtue of the condition of the mortgages, to take possession of and sell the property embraced therein before the debt became due, should have been clearly stated to the jury. It was .a material question. The court, for some reason not disclosed by the record, gave no instructions to the jury touching this matter, but left them to grope their way in the dark, or to speculate as to the legal effect of the mortgages. It was not only the right, but the duty, of the court to have construed the contract of the parties, and have given that construction to the jury, to aid them in reaching a proper verdict. *Owen v. Owen*, 22 Iowa, 270, 274; *Little v. McGuire*, 43 Iowa, 447, 450; *Hill v. Aultman*, 68 Iowa, 630. In failing to instruct the jury on a material issue in the case, the court erred.

The other assignments of error mentioned present the question as to the right of a mortgagee, under the stipulation of these mortgages, to take possession of the mortgaged property before the maturity of the debt. That part of the mortgages material to this inquiry is as follows: "And I, the said Alonzo Richardson, do hereby covenant and agree to and with the said C. E. Coffman, that in case of default made in the payment of the above mentioned promissory note, or in case of my attempting to dispose of, or remove from said county of Harrison, the aforesaid goods and chattels, or any part thereof, or whenever the said mortgagee shall choose so to do, then and in that case it shall be

lawful for the said mortgagee or assigns, by himself or agent, to take immediate possession of said goods and chattels, wherever found,—the possession of these presents being his sufficient authority,—and to sell the same at public auction, or so much thereof as shall be sufficient to pay the amount due, or to become due, as the case may be, with all reasonable costs and attorneys' fees pertaining to the taking, keeping, advertising, and selling of said property."

Under our statute, in the absence of stipulations to the contrary, the mortgagee of personal property is entitled to its possession. Code, section 1927. Clauses in chattel mortgages are frequently found providing that the mortgagee may take possession "whenever he may feel insecure" or "unsafe." There is much disagreement in the adjudicated cases as to under what circumstances, under such provisions, the mortgagee is justified in taking the property. Jones, Chat. Mortg., section 429; *Hall v. Sampson*, 35 N. Y. 274; *Woods v. Gaar, Scott & Co.*, 53 N. W. Rep. (Mich.) 14; *Deal v. D. M. Osborne & Co.*, 43 N. W. Rep. (Minn.) 835; *Newlean v. Olson*, 22 Neb. 717, 36 N. W. Rep. 155; *Lichtenberger v. Johnson*, 49 N. W. Rep. (Neb.) 336; *Humpfner v. D. M. Osborne & Co.*, 50 N. W. Rep. (S. D.) 88, 90; *J. I. Case Plow Works v. Marr*, 49 N. W. Rep. (Neb.)1119; *Gage v. Wayland*, 67 Wis. 566, 31 N. W. Rep. 108; *Huebner v. Koebke*, 42 Wis. 319; *Cline v. Libby*, 49 N. W. Rep. (Wis.) 832; *Werner v. Bergman*, 28 Kan. 60; 3 Amer. and Eng. Enc. Law, 205. Thus it is held in Michigan that the mortgagee must have good reason to believe, and in fact believe, in good faith, that he is insecure, although as a matter of fact he may be mistaken. *Woods v. Gaar, Scott & Co.*, *supra*. The rule in Nebraska, as stated in the cases cited above, is that the mortgagor must be about to do, or has done, some act which tends to impair the security of the mortgage; and the same doctrine is adhered to

in South Dakota.   *Humpfner v. D. M. Osborne & Co.*,
50 N. W. Rep. 90.   In Minnesota, under their statute,
it is held that the right can only be exercised by the
mortgagee for a just cause, based upon the actual exist-
ence of facts constituting a reasonable ground for
believing himself insecure.   *Deal v. D. M. Osborne &
Co.*, 43 N. W. Rep. 835.   Other states hold that such a
claim authorizes the mortgagee to take possession, at
his election, whenever he chooses so to do; that he can
determine absolutely when he will act, or, at least, if
he says he deems himself insecure, and there is apparent
reason therefor, it is sufficient.   *Gage v. Wayland*, 67
Wis. 566, 31 N. W. Rep. 108; *Huebner v. Koebke*, 42
Wis. 319; *Cline v. Libby*, 49 N. W. Rep. (Wis.) 832;
*Werner v. Bergman*, 28 Kan. 60; Jones, Chat. Mortg.,
section 431; 3 Am. and Eng. Encyclopedia of Law, p.
205.

In *Wells v. Chapman*, 59 Iowa, 658, 660, the only
case we have been able to find where the provision in
the mortgage for taking possession is like that in the
case at bar, it was held that the mortgagee might seize
the property whenever he elected so to do, whether the
debt was due or not.   That case is decisive of this
question.   The contract of the parties leaves the mort-
gagee free to determine when he will take the property.
Being the contract of the parties, legal and fairly
entered into, it is not for us, in the absence of fraud,
or perhaps other peculiar circumstances which might
show that the seizure of the property was made in bad
faith, and for the express purpose of oppressing the
mortgagor, to change the obligations of the parties,
which they have thus voluntarily entered into.   There
is no fraud claimed or shown in this case.   There is
nothing to show that the defendant was not acting in
the best of faith in taking the property.   On the con-
trary, the evidence, without conflict, shows that the
mortgagor had been endeavoring to sell the mortgaged

property prior to the time the defendant took possession of it. The submission of the interrogatory by the court was error, as the defendant's right to take possession was not to be measured or determined by the fact that he deemed himself unsafe, but was, as we have said, absolute. For the reasons given, the court would, at the end of the plaintiff's case, have been justified in taking the case from the jury, so far as the counts touching the chattel mortgages were concerned, as, under the evidence, there could be no recovery on those counts. In any event, when the entire case was submitted to the jury, the instructions asked by the defendant relating to the issues raised by these two counts should have been given.

III. The plaintiff seems to claim that the sale was void because the mortgaged property was bid in by the mortgagee. We know that it has been held by some courts that a purchase by the mortgagee under such circumstances renders the sale void, but the better law, as well as the weight of authority, is to the contrary. *Bean v. Barney,* 10 Iowa, 498; *Syfers v. Bradley,* 115 Ind. 345; 16 N. E. Rep. 805, and 17 N. E. Rep. 619; *Emmons v. Hawn,* 75 Ind. 356; *Lee v. Fox,* 14 N. E. Rep. (Ind. Sup.) 889; *Olcott v. Tioga R'y Co.,* 27 N. Y. 546; *Maxwell v. Newton,* 65 Wis. 261; 27 N. W. Rep. 31; *French v. Powers,* 24 N. E. Rep. (N. Y. App.) 296.

3. ——: foreclosure: purchase by mortgagee.

IV. Error is assigned on the refusal of the court to give the jury instruction 3 asked by defendant. It reads: "If, from the evidence, you find that the plaintiff had knowledge that the defendant was about to sell the mortgaged property, and that he was present at the time of sale, and stood by, and saw the same sold, and possession taken thereunder, and made no objections thereto, then he is estopped from claiming damages by reason of said sale, and can not recover by reason of the

4. ——: foreclosure sale: silence of mortgagor: estoppel.

alleged wrongful conversion of the mortgaged property so sold." In support of the above proposition, we are cited to authorities which hold that one who "negligently or culpably stands by, and allows another to contract on the faith and understanding of a fact which he can contradict, can not afterwards dispute that fact in an action against the person whom he has himself assisted in deceiving." *Gregg v. Wells*, 10 Adol. & E. 90; *Miles v. Left*, 60 Iowa, 168. The case at bar does not come within the rule established by these authorities. Here most of the property was purchased by the mortgagee. It can not be claimed that he purchased the property on the faith of the acts or silence of the plaintiff. The defendant, if there were any acts of his which would invalidate the sale, must, of necessity, have known them. He was not in a situation to be in any wise prejudiced by the fact that the plaintiff was a silent attendant at a sale of chattels on a mortgage which the plaintiff had executed to the defendant, and in pursuance of the provisions of which the defendant was selling the property. The rule is intended for the protection of innocent third persons who purchase at such sales in the presence of the mortgagor, and as to them the mortgagor's silence precludes him from disputing facts which he did not disclose, and on the faith of which the purchaser acted. This instruction was properly refused.

V. Error is assigned on the refusal of the court to set aside special findings 1, 2, 7, 9, 10, 11, 12, and to

5. VERDICT: immaterial special findings: setting aside.

grant a new trial. Special finding 1 relates to the breach of warranty, which we have already referred to. Number 2 was the finding that defendant did not deem himself unsafe, which was improperly submitted, for reasons heretofore stated. The balance of the special findings objected to, except number 7, relate to the market value of the mortgaged property sold. Each and all

of them should have been set aside. The answers to other special interrogatories showed that the sale was made on due notice, publicly, at the time fixed in the notice; that the amounts bid, less costs and expenses of sale, were indorsed on the plaintiff's note. It thus appearing from the findings of the jury that in all respects the mortgagee had complied with the terms of his contract, the findings referred to were as to matters which were wholly immaterial, and could not be made the basis for the judgment against the defendant which the court rendered.

VI. No general verdict was returned, and it is urged in argument that the court erred in instructing

6. ——: instruction to jury: objections.

the jury that they need not return a general verdict unless they chose so to do; but we are unable to discover that this instruction was excepted to, and hence can not consider the question.

For the reasons heretofore stated the judgment below is REVERSED.