SCHWEITZER, Respondent, vs. HANNA, Administrator, imp., Appellant.

*October 22 — November 8, 1895.*

*Replevin: Right of possession: Chattel mortgage.*

The vendee in a bill of sale given as security, who has given the vendor a lease of the property and left it in his possession, cannot maintain replevin against an officer taking the property from the possession of the vendor, without showing that he had a present right of possession when his action was commenced.

APPEAL from a judgment of the circuit court for Douglas county: R. D. MARSHALL, Circuit Judge. *Reversed.*

The action is replevin. One August Ruhnke, a saloon keeper, borrowed money from the plaintiff, and to secure its repayment gave him a bill of sale of his stock in trade, furniture, and fixtures. Plaintiff gave Ruhnke a lease of the property, and left it in his possession. The defendants,

who were the sheriff and deputy sheriff of Douglas county, took the property from Ruhnke, under attachments against him. The plaintiff replevied from the sheriff. There was a verdict for the plaintiff, a motion by the defendants for a new trial denied, and judgment for the plaintiff, from which this appeal is taken by the administrator of the estate of the sheriff.

For the appellant there was a brief signed by *W. M. Steele*, attorney, and *Whitford & Steele* and *Loud & O'Brien*, of counsel, and oral argument by *W. M. Steele*.

For the respondent there was a brief by *Ross, Dwyer & Hanitch*, and oral argument by *W. D. Dwyer*.

NEWMAN, J. Several errors are assigned in the admission and rejection of evidence and in the charge of the court. None of them involve new questions or a new application of old principles. Nothing would be gained by considering them at length. One error, presented by the motion for a new trial, is decisive of the case. It does not appear by the evidence that the respondent was entitled to the possession of the property at the time when his action was commenced. The property was in the actual possession of Ruhnke at the time when the sheriff took it. Ruhnke held it by virtue of the provisions of his lease. Probably the bill of sale and so-called lease are to be construed together as in effect a chattel mortgage, giving the right of possession to Ruhnke until condition broken; for it does not appear that by the terms of the mortgage or lease the respondent had a right of possession until condition broken, and it does not appear that the condition upon which his right of possession depended had yet arisen. So, clearly, the evidence failed to show that the respondent had present right of possession when his action was commenced. Cobbey, Replevin, § 16; *Frisbee v. Langworthy*, 11 Wis. 375; *Wheeler & W. Mfg. Co. v. Teetzlaff*, 53 Wis. 211; *Gage v. Wayland*, 67 Wis. 566; *Gaynor v.*

*Blewitt,* 69 Wis. 582.    The verdict should have been set aside and a new trial granted.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.

MARSHALL, J., took no part.