Parker, J.
This case comes into this court on appeal. The plaintiffs seek to recover a share of the oil produced from walls drilled on certain premises of which they are the owners. It appears that they became the owners of the premises — ■ consisting of about sixteen acres of land in Wood county,. Ohio — by conveyance from Elizabeth Euher, on the 14th-day of October, 1892, and they seek to require the defendant, the person in possession of and operating these premises for oil, to account to them for a share of the oil, their contention being that under the custom of the country they should receive, as landlords, the one-sixth part, at least, of the oil produced.
The defendant insists that it acquired the right to the.oil under such circumstances as that it is not bound to pay any rental or render any share of the oil. The history of the matter, in the main, is set forth in certain stipulations filed’ in the case and which read as follows:
“It is hereby stipulated by and between the parties to> this cause as follows, to-wit:
*456 “That one, Elizabeth Fuher, was the owner in fee and ■held a good title to the property described in the petition, being between sixteen and seventeen acres of land located in the village of Prairie Depot, Ohio, prior to the 10th day of ■October, 1891, and continued as such owner until the 14th •day of October, 1892. That there are no buildings upon said lands, but said lands are fenced; and upon the discovery of oil in the vicinity, four wells were drilled upon said property, which produced oil in paying quantities.
“That during the time said Elizabeth Fuher was the own■er of said property, her husband, John Puher, and Charles Villwock, were partners under the firm name of Puher & Villwock, engaged in prospecting and operating for oil in Wood county, and as such partners, with the consent of -said Elizabeth Puher, entered into said premises, and drilled, completed and equipped four wells upon said land prior ■to the 10th day of February, 1891, and that no other wells were drilled thereon, That there was no written lease be■tween the said Puher & Villwock and the said Elizabeth Puher; that the said Puher & Villwock received the entire production of oil on said lease, deducting no royalty, of which the said Elizabeth Puher had full knowledge.
“That prior to the 10th day of February, 1891, the firm ■of Puher & Villwock became indebted to The Buckeye Supply Company for material entering into the construction of • said wells on said premises, and to secure the same said Pu-her & Villwock did execute a chattel mortgage on certain ■oil well property, including said wells aforesaid.
“As an additional security, said Puher & Villwock also •executed what is known as a transfer order, transferring all the oil to be produced from said wells in the future to be applied toward the payment of said indebtedness until said :indebtednes should be fully paid.
“On the 14th day of October, 1892,said Elizabeth Puher • and her husband John Puher, duly conveyed said premises ■ by warranty deed to the plaintiffs in this action, and the said plaintiffs thereupon entered into possession of said .premises except in so far as the same were being occupied and used by the operation of said oil wells thereon, said -John Puher agreeing to pay to plaintiff a rental of $80.00 jper year, rental for ground occupied by said oil wells, a» *457 per written agreement in that behalf,fa copy of whicNis hereto attached and marked ‘Exhibit^A,’ and made a part hereof:
‘Exhibit A.’
“ ‘Articles of Agreement made and entered into this 14th day of October, 1892, by and between John Fuher and Anthony A. Simmons,in which the said John Fuher agrees to pay to the said Anthony Simmons $30.00 per year commencing on the first day of April, 1893, as a rental for grounds now occupied by oil wells on lands this day purchased and now owned by said Simmons and Oora M.West, said lands purchased from Elizabeth M. and John Fuher lying south of Freeport, Ohio, containing 16 and acres; said-term of lease to continue until the removal of all of said oil wells. (Signed) John Fuher. A. A. Simmons.’
“That on the 10th day of February, 1894, John Fuher began an action in the court of common pleas of Lucas county, Ohio, against The Buckeye Supply Oompany, Charles Villwock, William Hardee and Elizabeth Fuher,for an accounting; and The Buckeye Supply Oompany filed its answer and cross-petition therein to foreclose its chattel-mortgage given by said Fuher & Villwock and covering the said oil wells and appliances owned by said Fuher & Villwook upon said premises, and setting up the transfer order above described. Said Elizabeth Fuher also filed in said action her answer and cross-petition, in which she made claim to a royalty interest in the oil produced from the said wells,, and prayed an accounting therefor against the Buckeye Supply Oompany and the said Fuher & Villwock. A copy of her answer is attached to the answer of defendant in this action, The plaintiffs, Anthony A. Simmons and Oora M. West, were not made parties in said cause.
“Upon the final hearing of said cause a decree was entered” etc.
The decree mentioned in the stipulation, a copy whereof is attached thereto, determines that Elizabeth Fuher wasestopped as against the defendant herein from claiming any-oil produced up to the 14th day of October, 1892. This-decree is set up in the answer of defendant, and it is contended that because thereof the claim of the plaintiff herein-is res judicata’, but we find that that is not so, because the* *458 .plaintiffs herein were not parties to that suit, and it was instituted after they had acquired whatever interest they have in the premises; but the same facts that were relied upon by the defendant in that case to estop Mrs. Fuher, plaintiff .therein, are also relied upon here'to defeat the claim of the .plaintiffs herein, who acquired their title from Elizabeth Fuher. It appears that at the time plaintiffs acquired their ititle, as before stated, the defendants were in possession of these premises, so that the plaintiffs were bound to take notice of defendant’s rights and title. It also appears from the stipulations and other evidence that Elizabeth Fuher had allowed her husband and Mr. Villwock to enter upon ■these premises to operate the same for the production of oil, ■and that she had knowingly permitted them to hold them.selves out to the world as the owners of all the oil being produced from the premises — In other words, as having the •right to all of said oil without being required to share any .part thereof with her, or render any rental. =
It is urged by counsel for plaintiff that there is something anomalous — something strange and unusual, in so occupying the premises of another and taking the oil therefrom in this manner without being required to render a part •of the oil as royalty or to pay rental; but our experience with this business, both in and outside of courts,informs us that it is very common in practice for the producer to acquire the entire interest in the oil, either by an outright purchase thereof,or by other arrangement, and we find from ■the evidence that under the circumstances the defendants dealt with Fuher & Villwock in acquiring their security upon these wells and the oil, in the belief that Fuher & Villwock owned the entirety of the oil produced, and that this was done under such circumstances of knowledge and acquiescence upon the part of Mrs. Fuher as estops and cuts her off from asserting any claim against the defendants, and that the defendants having been in absolute possession when the plaintiffs bought, as before stated, the plaintiffs were bound to take notice not only of the rights that defendant had acquired in dealing with Fuher & Villwock, but of their rights that they had acquired as against Mrs. Fuher, their jgrantor, by the estoppel,
JBut, it is urged by counsel for the plaintiffs that the ut *459 most of the right that defendant had acquired was that of a tenant at will, and that therefore upon plaintiffs coming into the ownership of this land they had a right to terminate that tenancy. If that were true, the right of the plaintiffs would extend to the whole of- the oil produced, and not merely to the rental or royalty. But we hold that that is not true; that Fuher & Villwock went into possession of these premises, drilled wells and equipped and operated them under such circumstances that as against Mrs. Führer they had a right in equity to compel her to execute to them a lease or grant conveying to them the usual rights and interests that are conveyed by such instruments, and that the defendant has succeeded to the right thus acquired by Fuher & Villwock, This right we find would include a right to operate these wells and drill and operate other wells upon the premises in a reasonable and ordinary manner so long as oil may be produced therefrom in paying quantities. It does not appear that the right to thus occupy these premises and operate these wells or drill other wells, has yet terminated. As before stated, the right to hold the premises free from any obligation to pay rent or royalty, is acquired as against Mrs. Fuher by the estoppel; the two are merged in the defendant, and the plaintiff’s ownership is subject thereto,
We also conclude from the evidence that when plaintiffs acquired the ownership of these lands, the conveyance of the oil underlying the same was not contemplated by Mrs. Fuher, but whatever rights she had therein were intended to be reserved. Notwithstanding there is no such reservation in the deed, we hold that the defendant had a right to show that there was such a reservation in fact. At the time of this conveyance the righto of Fuher and Villwock had not been extinguished by the foreclosure and sale. It is elear that they then contemplated that the claim of defendant would ultimately be paid off; that the whole oil right would revert to them, and when that should occur it would also result that Mrs. Fuher,as against them,would have a right to exact royalty or rental, and the occurrence of these events seems to have been contemplated by Mrs. Fuher and her husband — -who acted in the transaction for her when the conveyance was made — and it seems to have been contem *460 plated by Mr. Simmons, who acted in the premises for himself and for his daughter Oora M. West. The oral testimony of the parties, both of Mr. Fuher .and of Mr. Simmons, makes it clear to us that this is what was contemplated by the parties, and that the contract entered into between Mr. Fuher and Mr. Simmons — and which appears to have been on behalf of Mrs. Fuher-~is to receive this construction. So that there is no hardship resulting to the plaintiffs from the conclusions of the court as to the rights acquired by the defendant by the way of estoppel against Mrs. Fuher and the plaintiffs. Making the claim for rental or royalty, seems to have been an after-thought on the part of Mrs, Fuher and on the part of the plaintiffs, occurring after the rights of Fuher & Villwock had been foreclosed and sold to the defendant, as set forth in the stipulations. The fact that as between Mrs, Fuher on the one part and her husband and Villwock on the other part, there was an understanding that she was to be paid a rental, affords foundation for a claim on her part against them, but does not in any way affect the rights of the defendant in the premises.
Hurd, Brumbaclc & Thatcher, for Plaintiffs,
Ira G. Taber, for Defendant.
The petition of the plaintiffs will be dismissed and the costs will be adjudged against them.
Hote — Ira C. Taber, for defendant: It appears from thenviden oe that the first division order which was signed upon the completion of the first wells on this land in question, was executed as though the oil all belonged to Fuher & Villwock.
In that division order of Oct. 20, 1890, no reference is made to any royalty. This fact Mrs. Fuher says that she knew; that Fuher & Villwock were receiving the whole of the oil, which included her royalty if any she was entitled to.
This division order, was on file with the Manhattan Pipe Line Oo., until it was transferred by Fuher <fc Villwock, who purported to be the entire owners of same, to William Hardee on February 11, 1891, and concurrently with the execution of the chattel mortgage by Fuher & Villwock to William Hardee.
Mrs. Fuher is.estopped from claiming any royalty in the oil as against the assignees of Fuher & Villwock. Eldrege v. Walker, 80 Ill., 207; Ford v. Loomis, 33 Mich., 121; Winton v. Hart, 39 Conn., 16; Miles v. Lefi, 60 Iowa, 168; (14 N. W. Rep., 233;) Stewart v. Munford, 91 Ill., 58; Robbitt v. Shryer, 70 *461 Ind., 613; Sobright v. Moore. 33 Mich., 92; Horn v. Coe, 51 N. H., 287; Howland v. Woodruff, 60 N. Y., 73; Burton’s Appeal, 93 Pa. St., 214; Kirk v. Hamilton, 102 U. S., 68; O’Connor v. Clark, 170 Pa., 318; Quinlan v. Myers, 29 Ohio St., 500-511; Miller v. Brown, 33 Ohio St., 547-554; Stainchfield v. Emerson, 52 Me., 465; McCravey v. Remson, 19 Ala., 430; (54 Am. Dec., 194.)