CHRISTOPHER ENDER, plaintiff in error, *vs.* PHILIP SCOTT, defendant in error.

## *Error to St. Clair.*

In order to constitute a warranty, there must be not only an affirmation respecting the quality or condition of the thing sold, but the affirmation must be made with the view of assuring the buyer of the truth of the fact asserted, received and relied upon by him, inducing him to make the purchase.

This was an action on the case on an express warranty, brought by Scott against Ender, in the St. Clair Circuit Court. Heard at April term, 1849, before Underwood, Judge, and a jury. A verdict was found for plaintiff for $15 00. A motion for a new trial was made and overruled, and judgment was rendered for plaintiff. The defendant sued out a writ of error.

G. KŒRNER, for plaintiff in error, made the following points, and cited the authorities referred to :

The evidence does not show any warranty. As to the general principles of warranty, see 2 Chitty on Pleadings, page 279, note *g*, pa. 679 and notes; Chitty on Contracts, 449–452; 5th Gilman, 37; 2d Scammon, 25.

Words equivalent to a warranty must be used. Comyns' Digest, vol. 2, pages 265, 266, 274; 2d Starkie, 1237, note *a*.

If a warranty was made, the defect in question was one obvious to the senses, and did not bind vendor. 2 Black. Com., 165; Salkeld, 211.

G. TRUMBULL, for defendant in error.

Opinion by TREAT, C. J.:

This action was brought to recover damages, for the breach of a warranty on an exchange of horses. The Court instructed the jury that, " If they believe from the evidence that the defendant represented in positive terms to the plaintiff, at the time of and before the exchange, that the mare was sound, except the distemper, such positive assertion will amount to a warranty, which, if false, the defendant is liable for in this action."

The instruction was clearly erroneous. In order to constitute a warranty, there must be not only an affirmation respecting the quality or condition of the thing sold, but the affirmation must

be made with the view of assuring the buyer of the truth of the fact asserted, and inducing him to make the purchase, which is so received and relied on by him. Hawkins *vs.* Berry, 5 Gilman, 36. The instruction is not broad enough to embrace this definition of a warranty. The facts stated in it may all have been true, and still such a thing as a warranty not have entered into the minds of the parties. The plaintiff may not have intended the assertion as a proposition to warrant the soundness of the horse, nor the defendant have accepted and acted on it as such.

The judgment of the Circuit Court is reversed, with costs, and the cause is remanded for further proceedings.

*Judgment reversed.*