HUGHES v. FUNSTON & SMITH.

1. **Warranty : WHAT CONSTITUTES : PLEADING.** The word "warrant" is not essential to constitute a warranty. Any distinct affirmation of quality which it may be supposed was intended to cause the sale and was operative in causing it, is sufficient. And in an action for damages for a breach of warranty consisting in the representations of the vendor, it is not necessary under our system of pleading to use the word "warrant" in the petition, but it is sufficient to state the facts constituting the cause of action.

2. —— **FRAUD : PLEADING.** A warranty may also be a fraud, if its falsity was known to the warrantor; and the statement, therefore, in a petition, of facts amounting to a fraud as well as a warranty, does not necessarily change the action from one upon the warranty.

3. —— **EVIDENCE.** In such an action, evidence that the defendant paid an extra price for the property in controversy, in order to procure a choice brand, is inadmissible on the ground of immateriality.

*Appeal from Dubuque District Court.*

UESDAY, OCTOBER 22.

ACTION for damages on a sale of flour. Jury trial; verdict and judgment thereon for plaintiff. The defendants appeal.

*D. E. Lyon* for the appellants.

*Griffith & Knight* for the appellee.

COLE, J.—The petition in this case is as follows. "Plaintiff complains of defendants, and avers that on or about the 27th day of April, 1866, defendants verbally bargained and sold to plaintiff 136 barrels of flour, as and for extra Cedar Rapids flour, at the agreed price of $7.75 a barrel, and plaintiff then paid

defendants $1,000, in part of the purchase-money there-
for; that prior to, and at the time of said sale, defendants
represented and stated to plaintiff that said flour was
good, sound, merchantable, extra flour; and the same
being on board the cars, at Dunleith, in the State of
Illinois, consigned for sale by defendants to their agent
at Chicago, in said State, where plaintiff had not an oppor-
tunity to examine or inspect it, and not knowing to the
contrary, plaintiff did, and was necessarily compelled to,
rely on said representation and statement, and on the faith
and assurance thereof, and of said flour being sound,
merchantable, extra flour, plaintiff did make such pur-
chase, and pay in part as aforesaid; and plaintiff further
avers that at the time of said sale, said flour was not
sound, merchantable, extra Cedar Rapids flour, but was
unsound, and of an inferior quality of flour; all of which
at the time was well known to defendants; that imme-
diately after said sale, said flour went forward to Chicago
on account of plaintiff, and being unsound, was, by the
public inspector, inspected accordingly, and was sold for
the sum of six and one-quarter dollars per barrel, that
being the value of said flour at that time; whereas good,
sound, merchantable, extra Cedar Rapids flour was at the
same time selling for, and was worth the sum of nine
dollars and twenty-five cents per barrel, all to the damage
of plaintiff in the sum of $600, for which, and his costs,
he prays judgment." The answer was, substantially, in
general denial, and the trial being to a jury, it resulted
in a verdict and judgment for plaintiff, from which the
defendants now prosecute this appeal. Numerous errors
are assigned.

Some relate to the evidence, some to the instructions,
and some to the sufficiency of the evidence to sustain the
verdict. All of the errors assigned, however, except one,
rest upon the claim that the petition is not upon a *war-*

*ranty,* but is alone for *false and fraudulent representations* in the sale of the flour. If the petition, however, is upon a warranty, all these alleged errors are without foundation.

Our system of pleading does not require the statement of a cause of action, in any particular form. A statement in ordinary language of the facts constituting the cause of action is all that is required. Whether those facts amount to a *warranty,* or a *fraud,* or both, does not effect the sufficiency of the cause of action. The word "warrant" is not essential to make a warranty; and it may well be held to follow, that the word "warranty" is not necessary to be used in a petition upon a contract of warranty. Any distinct assertion or affirmation of quality, made by the owner during a negotiation for the sale of chattels, which, it may be supposed, was intended to cause the sale, and was operative in causing it, will constitute a warranty, and the question whether the particular affirmation amounts to a warranty is one of fact for the jury. If made and relied upon as such, it is a warranty. 1 Pars. on Cont. 579, and notes *l, m, n,* and authorities there cited. See particularly *Carley* v. *Wilkins,* 6 Barb. 557, where a representation of the quality of *flour* was held a warranty. In the petition in this case it is stated, in substance, that at the time of sale, the defendants misrepresented the quality of the flour, and that plaintiff relied thereon.

The petition therefore states facts amounting to a warranty, and it also states facts amounting to a fraud. But a warranty may also be a fraud, if its falsity was known to the warrantor. 1 Pars. on Cont. 580. It follows from the conclusion that the action is upon a warranty, that there was no error in modifying the defendants' instructions so as to make them applicable

*Margin notes:*
1. WARRANTY: what constitutes: pleading.
2. —— fraud: pleading.

to the question of warranty, as well as of fraud. And it also follows that under the conflict of evidence in the case upon that subject, the finding of the jury cannot properly be interfered with.

II. The defendants' counsel asked one of the defendants, when on the stand as a witness, to state if he paid fifty cents per barrel more for the flour in contro-versy, in order to procure the choicest brand? This question was objected to by plaintiffs' counsel as immaterial, and the objection was sustained by the court, and excepted to by defendants. This ruling of the court is the only other alleged error. There was no error in the exclusion of this evidence. It would not tend to affect the question of warranty, nor to rebut the claim of fraud. It was immaterial.

