## McGrew v. Forsythe *et al.*

1. **Warranty: AFFIRMATIONS OF QUALITY: AUCTIONEER.** A bare affirmation of the soundness of an animal exposed to sale will not in itself amount to a warranty. To constitute it such, it must be shown that it was intended to have that effect; nor will words of naked praise or simple commendation of property offered for sale constitute a warranty.

2. ——**RULE APPLIED.** An auctioneer, in offering for sale a lot of sheep, stated to the crowd, "here is a nice lot of young, sound sheep." The sheep proved to be diseased at the time, but this fact was not then known to either party; *held*, without determining the question whether the owner was bound by the representations of the auctioneer, that the representation did not amount to a warranty, nor render the owner liable.

*Appeal from Wapello District Court.*

SATURDAY, JANUARY 28.

THIS action was brought on a promissory note, made by the defendants to the plaintiff, for $441, with interest. The defendants answered, admitting the execution of the note, and averring that it was made for the purchase-money

of a lot of sheep sold by the plaintiff to defendants at a public sale, that said sheep were warranted sound by plaintiff, and that said warranty has been broken, etc.

By agreement of parties, the cause was tried before a referee, who found a general finding for plaintiff for $510.54, the amount then due on the note; and also returned answers to twenty-two special questions of fact, propounded by defendant, and to eighteen such questions propounded by the plaintiff. The evidence is not contained in the record. The court overruled defendants' motion to set aside the report, and a judgment was rendered in accordance with the referee's report, and defendants appeal.

*Hendershott & Burton* for the appellants.

*E. H. Stiles* and *M. J. Williams* for the appellee.

MILLER, J. — From the numerous special findings of the referee, it appears that the plaintiff, on the 29th day of July, 1866, made a sale of his personal property on his farm, including a lot of one hundred and eleven head of sheep; that one J. Barnes was the auctioneer; that, after selling the household goods, the auctioneer proceeded to sell the sheep, saying, "here is a nice lot of young, sound sheep;" that the defendant heard this statement of the auctioneer, but the plaintiff did not; that the auctioneer had no directions or instructions from plaintiff to warrant or not to warrant the sheep; that defendant purchased the sheep at from $3.75 to $3.80 per head, and executed the note sued on for the sheep thus purchased. The sheep, it seems, were, at the time of the sale, diseased with "scab," but neither plaintiff nor defendant had any knowledge of this fact. These are the leading facts found by the referee, and the only question arising thereon, and the only one presented in the arguments of counsel is, whether the statement of the auctioneer, when about to sell the

McGrew v. Forsythe.

sheep, viz.: "here is a nice lot of young, sound sheep," amounted, in law, to an express warranty that the sheep were sound. As a false representation, it could not amount to a warranty, unless the seller knew at the time that the sheep were unsound. *Holmes* v. *Clark*, 10 Iowa, 423, and cases cited.

No particular form of words is necessary to constitute an express warranty. It is sufficient if the words used import an undertaking, on the part of the owner, that the chattel is what it is represented to be. 1 Pars. on Cont. 580 (5th ed.). Naked praise or simple commendation of property offered for sale does not, as a matter of law, amount to a warranty. Id. 581. A bare affirmation of the soundness of a horse or other animal which is at the time exposed to the purchaser's inspection is not, *per se*, a warranty. It is of itself only a representation. To give it the effect of a warranty it must be shown to the satisfaction of the jury that the parties intended it to have that effect. *House* v. *Fort*, 4 Blackf. 296. The affirmation must be made to *assure* the buyer of the truth of the fact asserted and induce him to make the purchase, and must be so received and relied on by him, and whether the affirmation was intended to be a warranty depends upon the evidence, and is a question for the jury. *Humphreys* v. *Comlirae*, 8 Blackf. 516 ; *Ender* v. *Scott*, 11 Ill. 35 ; see, also, *Tewksbury* v. *Bennett*, *ante*, 83.

In the case of *House* v. *Fort*, *supra*, the representation was made in the sale of a horse, and was, that " the horse's eyes were as good as any horse's eyes in the world," and it was held that this did not, of *itself*, necessarily amount to a warranty ; that it must be further shown that the parties intended it to have that effect. The authorities all agree that a bare affirmation, not intended as a warranty, will not make the vendor liable. Whether the auctioneer, in the case at bar, was authorized to make the representation he did or not, we need not consider, for unless intended as a

warranty (being a bare representation) the plaintiff would not be liable, even if the auctioneer had such authority.

Whether the representation was intended as a warranty was a question for the referee, who expressly found that it was *not* so intended. Being, therefore, a bare representation, not intended as a warranty, the general finding of the referee was right, and the judgment of the court thereon is

Affirmed.