THE McDONALD ·MANUFACTURING Co. v. THOMAS.

1. **Promissory Note:** FAILURE OF CONSIDERATION: NOTICE. Facts considered which were held insufficient to charge the purchaser of a promissory note before maturity with notice of a failure of the consideration of such note.

2. **Warranty:** LANGUAGE USED BY SELLER: QUESTION OF FACT. Whether, in a sale, the language of the seller constituted a warranty of the article sold, is a question for the jury under proper instructions, and such instructions should not limit them to the words used, when there is any doubt as to the understanding of the parties, but should direct them to consider the words used in connection with all the proven circumstances of the transaction.

*Appeal from Franklin Circuit Court.*

MONDAY, APRIL 26.

ACTION by plaintiff as a corporation upon two promissory notes given for a threshing machine. The notes were exe-

cuted to a corporation known as the Fond du Lac Threshing Machine Co., and sold by that company to the plaintiff for value before maturity. The defendant, for answer, avers that the machine for which the notes were given was sold to him by the Fond du Lac Threshing Machine Co., with a warranty; that it was wholly worthless, all of which was known to the plaintiff at the time it purchased the notes. There was a trial by jury, and verdict and judgment were rendered for the defendant. The plaintiff appeals.

*McKenzie & Hemenway*, for appellant.

*King & Henley*, for appellee.

ADAMS, CH. J.—I. The defendant, at the time he purchased the machine, made a cash payment. The evidence showed that the machine was defective and not worth more than the amount paid. Whether the plaintiff, at the time of its purchase, knew it was defective, is one of the principal questions in the case. To show that the plaintiff did know it, the defendant introduced as a witness one McDonald, who was president and stockholder of the Fond du Lac Threshing Machine Co. from its organization until the sale to plaintiff of the notes in question, and was at the time of the trial vice president and stockholder of the plaintiff company. He was asked an interrogatory in these words: "State whether or not the Fond du Lac Threshing Machine Co. did not manufacture a lot of poor machines that broke and gave trouble to the company?" To this question the plaintiff objected, but the objection was overruled and the witness answered: "The company made a few machines that the parties that purchased them claimed did not work well, while machines manufactured in the same manner, sold to other parties, gave good satisfaction. Of course in those cases where the machine was said not to work well it gave the company more or less trouble."

1. PROMIS-
SORY note;
failure of con-
sideration:
notice.

The defendant's theory is, that, if the plaintiff's vice president had knowledge that the machine for which the notes were given was defective, the plaintiff must be deemed, through him, to have knowledge also.

Whether in any case a corporation can be charged with having knowledge, by reason of the knowledge which its vice president had pertaining to, and at the time of, a given transaction, without showing that he was charged with some duty or responsibility in regard to the transaction, we need not determine. We see nothing to show that McDonald was the vice president or even member of the plaintiff's company at the time it purchased the notes in question. Besides, it appears to us that McDonald's knowledge, if any, that the Fond du Lac Company manufactured some defective machines, would not be knowledge that the machine for which the notes were given was defective. It would not be such knowledge even if it were shown that the Fond du Lac Company manufactured all its machines according to one pattern. The difference in material, to say nothing of the difference in the quality of work, might be such as to constitute the difference between a good machine and a poor one. If McDonald's knowledge that the Fond du Lac Company manufactured some defective machines is to be deemed knowledge that the machine bought by the defendant was defective, then the fact that the Fond du Lac Company manufactured some defective machines, would be evidence that the machine bought by the defendant was defective. But such evidence is not admissible. It is probable that few manufacturers, doing considerable business, have been so successful as never to make and sell a defective article. Indeed it is often through failures that success is achieved. It would be an exceedingly unjust and oppressive rule to hold that the making of a defective article by a manufacturer should constitute presumptive evidence that all other articles made by him were defective.

II. There was in this case no warranty of the machine in

terms. The warranty relied upon consists of a mere affirm-ation that it was a good machine, etc. The court gave an instruction in these words: "To constitute a warranty the word *warrant* need not be used; any equivalent words stating the quality of the machine, calculated to induce the purchase, and which was instrumental in causing it to be sold to defendant, will be considered a warranty; as a statement that a machine would do good work, or was a good machine, will be considered a warranty that the machine will work reasonably well with the use of reasonable skill in its management." The giving of this instruction is assigned as error.

*2. WARRANTY: language used by seller: question of fact.*

It appears to us that the last part of the instruction can hardly be approved. The statement that a machine will do good work, or is a good machine, does not necessarily constitute a warranty. It may do so under some circumstances. A statement does not constitute a warranty unless the vendee is justified in relying upon it as a statement of a fact as distinguished from an opinion. The question as to whether a statement constitutes a warranty is often a difficult one. It may depend not only upon the words used, but upon the character of the thing sold, the known character of the buyer, his opportunity for inspection, or whatever else may reveal anything in regard to the real understanding of the parties. It is a question for the jury under a proper instruction; *Tewkesbury v. Bennett*, 31 Iowa, 83; and the instruction should not restrict the jury to the words used, where there is any doubt as to the understanding of the parties, but should direct them to consider the words used in connection with all the proven circumstances of the transaction.

REVERSED.