## FIGGE v. HILL.

1. **Sale of Personal Property:** WARRANTY: INTENTION AS AN ELE-
MENT OF. The question whether there has been a warranty or not, de-
pends upon the intention and understanding of the parties, as collected
from their acts and expressions at the time of sale; and when the con-
tract is not wholly in writing, this is one of the facts for the jury, under
the direction of the court. The instructions given in this case, having
left out the element of intention, were accordingly *held* erroneous.

2. **Sale of Coupons:** WARRANTY: DILIGENCE REQUIRED OF PUR-
CHASER. Where plaintiff purchased of defendant interest coupons of
certain municipal bonds, it was his duty, if he intended to hold defend-
ant liable upon a warranty of the coupons, to use due diligence to collect
them, and, in case of failure, to return them within a reasonable time.
But after the bonds had in a *quo warranto* proceeding been determined
invalid, there was no further obligation upon plaintiff to try to collect
or to return the coupons.

*Appeal from Lee Circuit Court.*

SATURDAY, JUNE 16.

ACTION AT LAW. The pleadings and facts in the case are
sufficiently set out in the opinion for a proper understanding
of the points decided. There was a verdict and judgment for
plaintiff. Defendant appeals.

*Craig, Collier & Craig* and *W. T. Rankin,* for appellant.

*Higbee & Raley* and *Hagerman, McCrary & Hagerman,*
for appellee.

BECK, J.—I. The petition alleges that plaintiff purchased
from defendant certain interest coupons, cut from bonds is-
sued by the "Inhabitants of the Town of Glenwood, in the
County of Schuyler, State of Missouri," upon representations
of their validity, which induced their purchase. In a pro-
ceeding of *quo warranto* subsequently prosecuted against the
trustees of the town, a judgment of *ouster* against them was

rendered, whereby the bonds issued by them, from which the coupons in question were cut, were and became wholly invalid and worthless. The answer substantially denies the averments of the petition, and alleges that judgments in actions brought by other parties were rendered against the town, and that taxes were levied and collected for the payment of other coupons, during all of which time plaintiff neglected to take any steps to enforce the collection of the coupons, and failed to request defendant so to do. A more particular statement of the pleadings need not be made.

There was evidence introduced by plaintiff tending to show facts and representations which, it is claimed, establish a warranty by defendant of the validity of the coupons.

II. The court gave an instruction in the following language: " It is for the jury to say, from all the evidence, whether, at the time of the alleged sale, defend-

1. SALE of personal property: warranty: intention as an element of.

ant gave to the plaintiff an express warranty of the coupons in question. To constitute such a warranty, it is not necessary to use the word warrant or any other particular form of words, but any distinct affirmation of quality made by the seller during the negotiation, which was relied upon by the buyer, and was operative in causing the sale, will amount to a warranty, but mere words of praise or commendation are not sufficient."

A prior instruction is as follows: " To constitute a warranty, it is not necessary to use the word 'warrant,' but the jury are to say from all the facts and circumstances in evidence whether the words actually used import an undertaking on the part of the owner or his authorized agent that the thing sold was what it purported to be.

" Such an undertaking, when made and relied upon by the purchaser, is as much a warranty as if the word warrant should be used."

Counsel for defendant insist that these instructions are erroneous, for the reason that they leave out the element of the intention of the parties to make a contract warranting

the validity of the coupons, in the absence of which a contract to that effect cannot be found. We are of the opinion that the objection is well taken. We think the settled rule is that "the question whether there has been a warranty or not depends upon the intention and understanding of the parties, as collected from their acts and expressions at the time of sale; and when the contract is not wholly in writing, is one of the facts for the jury, under the direction of the court." 1 Smith's Leading Cases (Hare & Wallace's Notes), page 229, 7 Ed. p. p. 300, 337; Benjamin on Sales, page 490; 1 Parson's Contracts, page 459. This rule, we think, has been in varied language uniformly recognized by this court. *Hughes v. Funston & Smith*, 23 Iowa, 257; *McGrew v. Forsythe*, 31 Iowa, 179; *McDonald Manufacturing Co. v. Thomas*, 53 Iowa, 558; *Tewksbury v. Bennett*, 31 Iowa, 83.

A rule directing the determination of the question of the existence of a warranty is stated in this language: "An assertion or affirmation of quality, made by the owner during a negotiation for the sale of a chattel, which it may be supposed was *intended* to cause the sale, and was operative in causing it, will be regarded either as implying or as constituting a warranty." *Carter v. Abbott*, 33 Iowa, 180; *Callanan v. Brown*, 31 Iowa, 333.

It will be observed that the first of the instructions above copied leaves out of view the element of intention on the part of the seller, and holds that, if the representations were relied upon by the buyer, and were operative in causing the sale, they are evidence upon which a warranty may be found. But it is plain that the conditions contemplated, *i. e.* reliance upon the representations, and their effect to cause the sale, may exist without any intention on the part of the vendor to make affirmations or representations of the quality of the goods sold which would cause the sale. The instruction first quoted is, therefore, in conflict with both of the rules just stated.

The instruction first quoted is to the effect that, if the words used in the oral contract import an undertaking on the part of the vendor that the thing sold is of the quality specified, a warranty arises. But as the *intention* is the thing the law seeks, it may, under all the facts of the case, be found to be different from the import of the words, where the representations are wholly oral. In that case, there would be no warranty. We conclude that the instructions just considered are erroneous.

III. We may briefly state certain plain and well established rules, applicable to the case as disclosed by the record, which will sufficiently guide the court below upon another trial. It appears from the record that in a *quo warranto* proceeding, the trustees of the town were ousted from their offices upon the ground that the town had not been legally incorported, that it was not, in fact, a corporation. The action was prosecuted in the name of the state upon the relation of the prosecuting attorney. It was claimed that, after the transfer of the coupons to defendant, and pending the prosecution of the *quo warranto* proceedings, certain other coupons, of the same character as those transferred to plaintiff, were collected from the town, and that plaintiff made no effort to collect the coupons, and did not offer to return them until about the time the action was commenced, when the statute of limitations had almost fully run.

The *quo warranto* action determined the invalidity of the coupons. It was prosecuted by the state, and the judgment determined that the town was not a lawful corporation.

The defendant was bound by the action, or, more correctly speaking, the judgment operated to make invalid all the acts of the pretended corporation against the whole world.

But if, in the exercise of reasonable diligence, plaintiff, at any time before the judgment in the *quo warranto* case, could have collected the coupons, it was his duty to do so, and if they could have been collected in the exercise of reasonable

*2. SALE of coupons: warranty: diligence required of purchaser.*

diligence, defendant ought not to be held liable now. It was the duty of the plaintiff to return the coupons within a reasonable time after having used such diligence to collect them. But the plaintiff was not required to use any effort to collect the coupons after the decision in the *quo warranto* case, nor would his failure to return them thereafter be regarded as negligence. As they are to be regarded as worthless after that decision, it would be a vain thing to require their return. Some of the rulings of the court upon instructions and evidence were in accord with these principles; others were in conflict therewith. For the errors in these rulings, as well as those in the instructions above quoted, the judgment of the circuit court is

REVERSED.