## JACKSON & SONS v. MOTT.

1. **Parties to Actions:** BENEFICIARY OF CONTRACT. An order by defendant to plaintiffs, authorizing them to procure for him a certain machine from the manufacturer, for which the defendant agreed to pay a span of horses, is a contract with plaintiffs, on which they may maintain an action, and not with the manufacturer; especially where the evidence tends to show that it was not a contract which plaintiffs had authority to make for the manufacturer, and that it was in fact made for their own benefit.

| 76 | 263 |
| 87 | 123 |
| 76 | 263 |
| 91 | 577 |
| 76 | 263 |
| 99 | 492 |
| 100 | 432 |
| 76 | 263 |
| 110 | 591 |
| 76 | 263 |
| 132 | 147 |
| 76 | 263 |
| 144 | 366 |

2. **Warranty:** AGE OF HORSES : QUESTION FOR JURY. Whether a statement, made in a contract for the sale of horses, that they were twelve years old, should be regarded as a warranty, or only as an expression of opinion, is a question for the jury, and it was error to instruct as matter of law that it was a warranty. (See cases cited in opinion.)

3. ————: ————: BREACH : REMEDY : MEASURE OF DAMAGES : PLEADING : INSTRUCTIONS. The petition set out an agreement to pay for a machine with a team of horses represented to be of a certain age, and the failure of defendant to comply with it, in that his horses were of a much greater age, and asked damages for "the fraud and breach of warranty." *Held* that, although abstractly plaintiffs had the right to refuse to accept the horses, and to regard the contract as rescinded, and to recover the value of the machine, yet instructions upon these points were improper, as, under the pleadings, plaintiffs' only right was to recover the difference between the actual value of the horses and their value as it would have been had they been as warranted.

4. **Evidence:** OF CONTRACT NOT ALL IN WRITING. A written order for a machine, to be paid for with two horses twelve years old, was given by defendant to plaintiffs. As it is evident that this order did not represent the entire agreement of the parties, in that it failed to designate the particular span, evidence offered to show the horses selected, and the representations in regard to their age, was not of a nature to vary or contradict the order, and hence was competent.

*Appeal from Mahaska District Court.*—HON. DAVID RYAN, Judge.

FILED, DECEMBER 20, 1888.

ACTION to recover for a binder sold to defendant. There was a trial by jury and a verdict and judgment for plaintiffs. The defendant appeals.

*Bolton & McCoy*, for appellant.

*J. F. & W. R. Lacey*, for appellees.

ROBINSON, J.—In July, 1886, the plaintiff sold and delivered to defendant a Plano binder, and agreed to accept in payment two horses, twelve years old. The horses were to be delivered by defendant four weeks after the sale. After the bargain was consummated

and the binder was delivered, plaintiffs refused to take the horses which, by the terms of the agreement, were to be taken in payment, on the alleged ground that they were warranted to be but twelve years old, whereas in fact they were over twenty years old. Plaintiffs allege that they demanded a rescission of the contract and a restoration of the property, which was refused by defendant.

I. When the agreement in question was made defendant signed an order addressed to W. B. Jackson, authorizing him to procure a binder of the Plano Manufacturing Company, for which the defendant agreed to pay "one span of horses, twelve years old." Appellant insists that this order was a contract with the company therein named, and that plaintiffs cannot maintain this action for that reason. But the evidence tends to show that the agreement entered into was not one which the plaintiffs were entitled to make for the company ; that it was made for their own benefit; that the claim in suit belongs to them ; and that they are responsible to the company for the binder. All this being true, there is no reason why they may not maintain this action in their own name.

1. Parties to actions: beneficiary of contract.

II. Appellant complains of a paragraph of the charge to the jury, which reads as follows : "If you find from the evidence that certain representations were made as to the horses,—that is to say, that they were represented to be twelve years old,—then this would amount to a warranty that they were of that age." We think this was erroneous. It is admitted that defendant represented that the horses in controversy were twelve years old, but he denies that he intended such representation as a warranty, and denies that plaintiffs had any just cause to so consider it. An affirmation of a fact is not necessarily a warranty. It may be intended as a mere expression of opinion, and may be so understood by all parties in interest. It was said in *McGrew v. Forsythe*, 31 Iowa, 181, that "the affirmation must be made to assure the buyer of the truth of the fact asserted, and

2. Warranty: age of horses: question for jury.

induce him to make the purchase, and must be so received and relied on by him, and whether the affirmation was intended to be a warranty depends upon the evidence, and is a question for the jury." The same rule, in substance, has been announced by this court in numerous cases. See *Tewkesbury v. Bennett*, 31 Iowa, 84; *McDonald Manuf. Co. v. Thomas*, 53 Iowa, 560; *Figge v. Hill*, 61 Iowa, 430. It is said that even though the paragraph quoted, taken alone, be erroneous, yet it is so far qualified by other portions of the charge that the error is thereby cured. In this view we cannot concur. The paragraph in question contains a plain statement. as to the effect of certain representations, complete in itself, to which no other portions of the charge in terms refers. The alleged modifications are couched in general terms, and it is not at all certain— in fact, it is hardly probable—that they would be understood by a juror, possessed of little or no legal knowledge, as having the effect claimed for them by appellees.

III. The court instructed the jury that the evidence showed that, before a rescission of the contract was demanded, the defendant had sold one-half of the binder to a person not a party to the suit, and that they might, therefore, disregard any question of rescission and return of the binder. It also instructed the jury that if the horses tendered by defendant in fulfilment of his agreement were not as warranted, then the plaintiffs were not bound to receive them, and that "in that case the plaintiffs will be entitled to recover the value of the machine given for them." Appellant insists that the measure of damages thus given is not correct. It is undoubtedly true that the plaintiffs could refuse to accept the horses if they were not as warranted, and could treat the contract as rescinded, and recover the value of the consideration they had paid. *Jack v. Des M. & Ft. D. Ry. Co.*, 53 Iowa, 402; *Rogers v. Hanson*, 35 Iowa, 286. But it was also their right to treat the contract as in force, and sue for a breach

thereof. Plaintiffs refused to accept the horses, and could have treated the contract as rescinded, and recover the value of the binder, if their claim as to the facts be correct. But they do not seem to have done so. Their petition sets out the alleged agreement, the failure of defendant to comply with it, and asks damages alleged to have been caused by "the fraudulent acts and the breach of the warranty" on the part of defendant. The instruction to disregard any question of rescission, although incorrect as applied to the rights of plaintiffs, was not prejudicial under the pleadings, but was in conflict with the rule as to the measure of damages which we have quoted. The court also instructed the jury that it was the right of plaintiffs to accept the horses, and, if not as warranted, to recover as damages the difference between the actual value of the horses and their value as it would have been had they been as warranted. This was the correct rule, as applied to the pleadings, and no other should have been given.

IV. It is claimed that the order for the binder, signed by the defendant, represents the contract between the parties, and that evidence of a verbal agreement, made at the same time, is incompetent. But it is evident that the written order does not represent the entire agreement of the parties. It does not designate any particular span of horses. The evidence offered to show the horses selected, and the representations in regard to their age, was not of a nature to vary or contradict the order, and hence was competent. For the errors pointed out the judgment of the district court is

