HENRY W. SCHLICHTING, Appellee, v. PORTER W.
ROWELL ET AL., Appellants.

Sales: WARRANTY: EVIDENCE. The evidence in an action to rescind a sale and recover back the purchase price of a furnace is held to sustain a finding that the seller warranted the furnace to satisfactorily heat the purchasers house in coldest weather.

Same: REQUISITES OF A WARRANTY: INSTRUCTION. To establish a warranty in the sale of an article it is not necessary that the term "warranty" or "guaranty" be used; but if neither is used it must appear that the seller made some distinct assertion as to quality amounting to more than a mere expression of opinion, that he intended it to be relied upon by the purchaser as an assurance

that the article was what he represented it to be, and that the
purchaser so understood and relied thereon; and the intent of
the seller in such circumstances is to be gathered from his words
and acts, and all the facts surrounding the transaction.

Same: WARRANTY: SUBMISSION OF ISSUE. Where a purchaser in
3   seeking to recover back the price of a furnace, pleaded and prov-
ed an express oral guaranty that the same would satisfactorily
heat his house in the coldest weather, and alleged a breach of the
guaranty, the question of an express guaranty should have been
submitted to the jury, and not the question of whether defend-
ants represented that the furnace would heat the house.

*Appeal from Cedar Rapids Superior Court.*—HON. J. H.
ROTHROCK, Judge.

WEDNESDAY, JANUARY 20, 1909.

THIS is an action for a breach of warranty in the sale
of a furnace. The plaintiff avers a rescission of the con-
tract on the ground of the breach, and sues to recover back
the purchase price paid. Verdict and judgment for plain-
tiff. Defendants appeal.—*Reversed.*

*L. M. Kratz,* for appellants.

*Main & Griffiths,* for appellee.

EVANS, C. J.—About October 1, 1906, the plaintiff
purchased of the defendants, who are dealers in Cedar
Rapids, a Lenox furnace, which was then and there in-
stalled in the plaintiff's house by the defendants. The
contract of purchase was entered into on behalf of plain-
tiff by his wife, who died before the commencement of this
action.

I. Plaintiff's claim, as made in his petition, is that
the defendants orally guaranteed in express terms that the
furnace would satisfactorily heat plaintiff's house in the
coldest weather. This claim is denied by the defendants.

The testimony on behalf of plaintiff on the subject of guaranty is not voluminous. Counsel for defendants contends that such evidence of guaranty on behalf of plaintiff is so weak and indefinite, and the evidence on behalf of the defendants is so strong and overwhelming, that the verdict of the jury ought to be set aside as being contrary to the evidence. A large part of appellant's argument is directed to this end. Plaintiff's daughter, Grace Schlichting, aged nineteen, was present when the alleged guaranty was made, and she is plaintiff's only witness on that question. Her evidence in chief on that question is as follows: "Q. What, if anything, was said to a warranty that this furnace would heat the house? A. He said that he would guarantee to heat the house." And again: "It was right after noon on Labor Day that Mr. Rowell told my mother they would guarantee the furnace." On cross-examination she testified that Mr. Rowell said "he would guarantee us a good job, and guarantee it to heat the house satisfactorily." She also testified: "He began to talk and recommend their furnace, and say that we could heat cheaper than with the one we had." Also: "He told about places in town where he had furnaces put in, and how well the people were satisfied with them." On November 19, 1906, with a view to rescind the contract of purchase, the plaintiff's wife sent to the defendants the following written notice: "The furnace sold me by you, failing to conform to representations, or to properly heat the house, I hereby notify you to remove the same by noon November 20th, 1906, or I shall have the same removed at your expense. Resp'y, Mrs. Ruth Schlichting." Shortly prior to this time, and after complaint had arisen about the furnace, the plaintiff and his wife asked the defendants to give a guaranty, which the defendants refused. As against the direct testimony of the witness Grace Schlichting, the de-

*1. SALES: warranty: evidence.*

fendants put their own denials and the denial of a work-man who was present, and the circumstance that the plaintiff and his wife asked for a guaranty after the furnace was installed, and the circumstance that the above written notice, which was sent to defendants, made no mention of a guaranty, and ask us to set aside the verdict and judgment because of the alleged disparity in the weight of the evidence. This disparity doubtless looks very great from the defendant's point of view, but it is not so great as to justify us in interfering with the verdict of the jury on that ground.

II. After stating the issues, the court gave instruction No. 1, as follows: "If you find from the evidence that at or previous to the purchase of the furnace the defendants, or one of them, did say to the wife

2. SAME: requisites of a warranty: instruction.

of the plaintiff that the furnace, if placed by the defendants in the house of the plaintiff, would satisfactorily heat the house, and that the furnace placed in the house did not, with proper care and handling, and by the use of proper and sufficient fuel, heat the house so that the same could with comfort be used as a dwelling house, then your verdict should be for the plaintiff." The propositions laid down in this instruction were in no manner qualified or referred to in any other instruction, except in instruction 8, as follows: "The burden of proof is upon the plaintiff to establish by the greater weight or value of the evidence, which does not necessarily mean the greater number of witnesses, that at or previous to the purchase of the furnace the defendants, or one of them, did say to the wife of the plaintiff that the furnace to be placed by the defendants in the house of the plaintiff would satisfactorily heat the house, and that the furnace placed in the house did not, with proper care and handling and by the use of proper and sufficient fuel, heat the house, so that the same could with comfort be used as a dwelling house." It will be observed from these instruc-

tions that the trial court wholly ignored the question whether the defendants in express terms "guaranteed" the furnace. It has frequently been held by this court that in order to constitute a "warranty" it is not necessary that the word "warranty" or "guaranty" should be used. In case, however, such words or one of them be not used, it is ordinarily incumbent upon the plaintiff to show that the seller made some distinct assertion of quality concerning the thing to be sold as distinguished from a mere statement of opinion or of praise, and that he intended such assertion to be believed and relied on by the purchaser as an undertaking on his part that the article is what he represents it to be, and that it was so understood and believed and relied on by the purchaser. So that a representation or statement of an alleged fact may amount to a warranty if it be made to appear from all the circumstances that the parties intended and so understood it to have that effect.

We will not stop to discuss this question further than to refer to our previous holdings thereon: *Tewkesbury v. Bennett,* 31 Iowa, 85; *McGrew v. Forsythe,* 31 Iowa, 179; *McDonald v. Thomas,* 53 Iowa, 558; *Richardson v. Coffman,* 87 Iowa, 121; *Figge v. Hill,* 61 Iowa, 430; *Zimmerman v. Brannon,* 103 Iowa, 144. In such a case the question of the intent of the seller is to be gathered from his words and acts and the circumstances, rather than from his own secret thoughts. *Zimmerman v. Brannon,* 103 Iowa, 144. But such intent is vital to plaintiff's case. The instructions under consideration wholly ignore the question of the intent of the seller and the understanding and reliance of the purchaser. They are, therefore, erroneous in form and in substance, even though they had been otherwise justified by the pleadings.

Turning now to the other form of error in these instructions, they assume to submit to the jury a materially different case from that presented by the petition. As al-

ready indicated, plaintiff sued upon an oral guaranty in express terms. He had no need in such case to allege an intent to guarantee, and he did not so allege. But in such case it was incumbent upon him to prove the express guaranty in terms substantially as pleaded. The court did not submit that question to the jury. It gave no other instructions on the subject than those herein quoted. The case declared upon in the petition was therefore not submitted to the jury at all.

3. SAME: warranty: submission of issue.

For the error in these instructions, the judgment below must be *reversed*.