T. M. DAVIS, Appellee, v. ANDY J. BERKHEIMER, Appellant.

**Sales:** BREACH OF WARRANTY: EVIDENCE. In this action for breach
1   of an alleged warranty in the sale of a horse the evidence
is held to support a verdict for plaintiff on the ground that the
animal was unsound at the time of the sale, and that its subsequent worthless condition resulted from the natural course of the
disease existing at that time.

**Same:** WARRANTY: CHARACTER OF REPRESENTATIONS. To establish
2   a warranty of goods it must appear that the seller made some
distinct assertion of quality, other than a mere statement of
opinion, which he intended should be and was in fact believed
and relied upon by the buyer.

**Same:** FAILURE TO DENY WARRANTY: EVIDENCE. Where the seller
3   of goods makes no denial of an alleged express warranty the
buyer need not offer any evidence on the subject; as no issue
is presented.

*Appeal from Mills District Court.*—HON. E. B. WOODRUFF, Judge.

WEDNESDAY, SEPTEMBER 20, 1911.

ACTION for damages for breach of an alleged warranty in the sale of a horse. Verdict and judgment for the plaintiff. Defendant appeals.—*Affirmed.*

*D. E. Whitfield* and *C. E. Dean,* for appellant.

*Genung & Genung,* for appellee.

EVANS, J.—The plaintiff purchased of the defendant a span of horses. He averred in his petition that he purchased them "under a warranty from the defendant" that

they were sound.    He further averred- that one of the
horses was badly wind-broken, and of no value.    The de-
fendant's answer denied that the horse was unsound in any
degree at the time of the sale, and affirmed that he was
sound and free from defects at such time.    The answer
made no denial of the plaintiff's allegation of warranty.
The sole issue of fact tried between the parties was whether
the horse was sound or unsound at the time of the sale.

I.    The first proposition urged by the appellant is
that the evidence is wholly insufficient to sustain a finding
that the horse in question was unsound at the time of the
sale.    The sale was made January 23, 1909.
The plaintiff made no complaint to the de-
fendant concerning the horse until about
thirty days later.    The contention in evidence is that he
did not discover the real condition of the horse until about
that time.    There is considerable evidence in the record
that the horse was gaunt and apparently out of condition
on the day of the sale, and that he gradually grew worse
for the thirty days ensuing.    There is also evidence that
shortly prior to the sale a corncob had been removed from
the throat of the horse.    On the part of the defendant, the
contention is, however, that such corncob was removed
from the teeth, and not from the throat, of the horse.
There is abundant evidence to sustain a finding that within
thirty days after the sale the condition of the horse was
such that he was without value.    We think that the evi-
dence already noted was sufficient to sustain a finding that
the horse was unsound at the time of the sale, and that
the later condition of the horse resulted from the natural
course of the disease already incurred at the time of the
sale.    We can not interfere with the verdict of the jury
at this point.

II.    It is next urged by the appellant that there is no
allegation in the petition nor proof in the evidence that
the defendant intended his representation of soundness to

1. SALES: breach
of warranty:
evidence.

be a warranty, or that the plaintiff relied upon the same as such. In support of this proposition the appellant cites *Schlichting v. Rowell,* 140 Iowa, 735, and our previous cases cited therein. The opinions in the cited cases deal with a class of cases wherein no warranty in express terms was made, but wherein certain affirmations of fact were relied upon as constituting warranties.

2. SAME: warranty: character of representations.

In that class of cases where there was no warranty in express terms we have frequently held it "incumbent upon the plaintiff to show that the seller made some distinct assertion of quality concerning the thing sold as distinguished from a mere statement of opinion or of praise, and that he intended such assertion to be believed and relied on by the purchaser as an undertaking on his part that the article is what he represents it to be, and that it was so understood and believed and relied on by the purchaser." *Schlichting v. Rowell,* 140 Iowa, 735; *Richardson v. Coffman,* 87 Iowa, 123; *Jackson v. Mott,* 76 Iowa, 265, 266; *McGrew v. Forsythe,* 31 Iowa, 181; *Tewkesbury v. Bennett,* 31 Iowa, 85. The plaintiff's case, as made upon the record before us, does not come within this class. The petition declared upon a "warranty" in express terms.

The plaintiff was not called upon to support this allegation by any evidence because the defendant made no issue upon it in his answer. The trial court submitted the case to the jury upon the theory that there was a warranty of soundness. This was in accord with the pleadings. Neither did the evidence present any dispute except the question whether the horse was sound or unsound on the day of sale.

3. SAME: failure to deny warranty: evidence.

In this state of the record the rule contended for by the appellant is not applicable to the case.

No other points are argued. The case must therefore be, and it is, *affirmed.*