LINZA ELLIS, Appellant, v. GEORGE BARKLEY, Appellee.

**Sales:** WARRANTY: BREACH: EVIDENCE. In an action for breach of warranty it must affirmatively appear not only that there was a warranty but that there had been a breach of its terms. So that in an action for the breach of an alleged warranty that a team of mules were well broken, gentle and not addicted to running away, evidence that shortly before the sale a witness saw them in harness and that they seemed to behave well was admissible, not on the question of warranty but as tending to show that there was no breach of its terms.

**New trial:** ARGUMENT: MISCONDUCT: REVIEW. An objection to the misconduct of counsel in argument should be made at the time and preserved as part of the record of the trial; but upon consideration of the objection in the instant case, brought into the record by the affidavit of the plaintiff attached to his motion for new trial, it is held that the remarks of counsel upon the financial condition of the parties and the effect of a verdict against defendant, while improper, were not prejudicial, since immediately upon making the remarks the court held them to be improper and counsel admitted the justice of the ruling.

**Sales:** BREACH OF WARRANTY: INSTRUCTIONS. An instruction in an action for breach of warranty that mere words of praise, as distinguished from positive representations as to the character or quality of the thing sold, were not enough to constitute a warranty, unless they fairly imported an agreement of the seller to bind himself to their correctness and could reasonably have been so understood by the purchaser, was not erroneous, where the instruction did not purport to cover the entire law of warranty applicable to the issues, and was immediately followed by another defining the class of representations constituting a warranty.

**Same.** The statements of the seller concerning the thing sold do not constitute a warranty unless intended as such; but where he makes a positive representation of the character or quality of the article, intending thereby to induce a sale, and the buyer purchases in

reliance thereon, the intent to warrant is conclusively presumed and
the seller will not be heard to deny such intent, even though the word
''warrant'' or ''warranty'' is not used.

*Appeal from Mahaska District Court.*—HON. BYRON W.
PRESTON, Judge.

WEDNESDAY, JULY 2, 1913.

THE plaintiff purchased from defendant a team of mules
which he alleges defendant warranted to be gentle and true
and not liable to run away. Plaintiff paid the agreed price
and took the mules but alleges that on attempting to use
them they promptly ran away with him and proved to be
intractable and unmanageable. He thereupon offered to
return the team to defendant, declared the contract of pur-
chase rescinded, and demanded a return of his money. His
demand being refused, he brings this action alleging a breach
of the warranty and asks to recover the damages he has there-
by sustained. Defendant admits that he sold the team to
plaintiff but denies that he warranted it in any respect. The
jury found for the defendant, and from the judgment
rendered on such verdict the plaintiff appeals.—*Affirmed.*

*Burrell & Devitt*, for appellant.

*I. C. Johnson* and *S. V. Reynolds*, for appellee.

WEAVER, C. J.—The controversy involves two simple
questions of fact: First, Did the defendant warrant the
mules? and, second, if there was a warranty, has there been
a breach of its terms? If both inquiries are
answered in the affirmative, plaintiff is en-
titled to damages. If either is answered in
the negative, there can be no recovery. Whether there was
a warranty or breach of warranty is a matter of dispute in
the testimony, and on familiar principles the verdict of the

1. SALES: war-
  ranty: breach:
  evidence.

jury thereon must stand, subject of course to plaintiff's right to a review of errors upon the introduction of evidence and the instructions given the jury. The following are the only exceptions argued:

One or more witnesses were permitted to testify to having seen the mules being used in harness on other occasions shortly prior to their sale to plaintiff and that they appeared to behave well. The admission of evidence of this character is said to be erroneous because, the issue being whether defendant warranted the team, it is immaterial how they acted before the sale. But this is taking a much too narrow view of the issues. To recover, as we have already said, plaintiff must not only establish the warranty but the breach as well. The representation, even according to plaintiff's story, was not that the mules would never run away but rather to the effect that they were well broken, gentle, and not addicted to running away. Upon an inquiry into the truth of such statements and whether it be a fact, as plaintiff claims, that he found them wild or fractious or unsafe, proof of their conduct in harness and in the performance of work would seem to be the best available evidence, whether their real quality or character was misstated by the defendant. In other words, while such testimony is not to be considered upon the question whether defendant did or did not warrant the team, it may be considered in finding whether the warranty, if one was given, has been broken. The objection to its admission was properly overruled.

Misconduct of counsel is also assigned as ground for reversal. It is charged that in argument to the jury counsel for defendant made a statement to the effect that plaintiff was rich while defendant was a poor man and a verdict in favor of plaintiff would break defendant up. The remark was not taken down at the time, and it is brought into the record only by an affidavit of the plaintiff attached to his motion for a new trial. The affidavit disclosed that promptly upon the statement be-

2. NEW TRIAL: argument: misconduct: review.

ing made the court held it to be improper and counsel in the presence of the jury admitted the justice of the ruling. The impropriety of such argument is of course patent, but if we can presume that any honest and intelligent juror could be influenced by such an appeal we think such injury was sufficiently guarded against by the prompt interposition of the court. It would be giving entirely too serious consideration to an unimportant incident to order a new trial because of this occurrence. Again it is not our practice to entertain such objections when they are not made at the time and preserved as a part of the record of the trial.

Exception is also urged to the fourth paragraph of the court's charge to the jury. The jury were there told, in substance, that words of mere praise, as distinguished from a distinct or positive representation of character or quality, are not enough to constitute a warranty if they are not such as fairly import an agreement on the part of the seller to bind himself to their correctness and could not reasonably have been so understood by the purchaser. This statement of the law is said to be erroneous and that the true rule is that, whether the seller does or does not intend to be bound by his representation, it is still a warranty if it is positive and not a mere matter of opinion and the buyer is thereby induced to purchase. The difference in these views of the correct doctrine is in manner of statement rather than in essential meaning.

3. SALES: breach of warranty: instructions.

That a warranty must have been intended has been distinctly held by this court. *Jackson v. Mott,* 76 Iowa, 263; *Figge v. Hill,* 61 Iowa, 430; *Zimmerman v. Brannon,* 103 Iowa, 144; *McGrew v. Forsythe,* 31 Iowa, 179. But if the seller makes a positive assertion or representation of the quality of the article intending thereby to induce the buyer to purchase, and the latter relying thereon does purchase, the intent to warrant is conclusively presumed and the seller will not be heard to say that he did not

4. SAME.

intend to bind himself to answer to the truth of his representation, and this is the case even though the word ''warrant'' or ''warranty'' is not used in the negotiation. *Zimmerman v. Brannon, supra; Powell v. Chittick,* 89 Iowa, 513; *Latham v. Shipley,* 86 Iowa, 543; *Tewkesbury v. Bennett,* 31 Iowa, 83; *Hughes v. Funston,* 23 Iowa, 257.

The instruction which counsel criticise does not profess to give the entire law of warranty applicable to the issues. It calls attention to a class of statements or representations which do not constitute a warranty, and the paragraph is followed immediately by another in which the rule as to what will be so considered is set forth in substantial accord with the rule approved in our prior cases.

The trial appears to have been fairly conducted, and, no prejudicial error being shown, the judgment of the district court is *Affirmed.*

PRESTON, J., taking no part.