J. L. THORNTON, Appellant, v. INTERNATIONAL HARVESTER COMPANY OF AMERICA, Appellee.

**SALES: Warranties—Jury Question.**   Positive and somewhat equivocal
1   testimony attending the sale of a corn picker reviewed, and held to present a jury question on the issue of warranty.

**SALES: Rescission—Jury Question.**   Evidence attending the quite
2   extensive use and long retention of an article reviewed, and held to present a jury question on the issue of rescission by the buyer.

*Appeal from Hardin District Court.*—H. E. FRY, Judge.

JANUARY 10, 1922.

ACTION at law, to recover the purchase price of a corn picker sold to plaintiff, because of breach of warranty covering the sale of the machine through the agency of the defendant, at New Providence, Hardin County, Iowa.   Trial to a jury, which returned a verdict for defendant.   Judgment was rendered against plaintiff for costs.   Plaintiff appeals.—*Affirmed.*

*C. H. Van Law* and *Peisen & Soper,* for appellant.

*G. W. Ward* and *R. J. Williamson,* for appellee.

PRESTON, J.—It is alleged and admitted that defendant is a corporation, and had a local agency, namely, the New Providence Hardware Company; and that this agency was a co-partnership, the members of which were S. C. Thornton and C. C. Miller. It appears that one George Johnson was in the employ of the partnership, engaged in selling machinery therefor. Among the machinery so on sale were machines known as corn pickers. It is alleged that, about October 12, 1912, said Johnson, for the purpose of inducing plaintiff to purchase a corn picker, orally warranted and represented that the machine was well made, of good materials and good workmanship, and that it would do the work for which it was intended,—that is, gather corn in the field without waste; that said warranty was made on behalf of the defendant and the agency, at New Providence; that plaintiff relied thereon, and purchased a machine for $300, giving his note therefor, which he afterwards paid. It is alleged that there was a breach of the warranty, in that the machine was not as represented and warranted. The petition specifically sets out wherein it was not as warranted. It is also alleged that, upon learning of the defects and the breach of warranty, plaintiff tendered back said machine and rescinded the contract of purchase.

1. SALES: warranties: jury question.

Answering, defendant denied that it sold the machine to plaintiff as alleged in the petition or in any other way; denied that the parties from whom plaintiff purchased the picker made the guaranties and warranties as alleged, or that said parties had any authority to make the same, if they were in fact made; denied generally the allegations of the petition.

Plaintiff is the brother of S. C. Thornton, of the New Providence Hardware Company partnership. The latter was a witness for plaintiff, and, as we understand the record, was not, at the time of the trial, an agent for the defendant. Johnson was not a witness in the case.

The trial court, construing the different contracts, instructed the jury that Johnson had, as claimed by plaintiff,

authority to make the warranty, if it was made. Defendant has not appealed. The court submitted the case to the jury for their finding as to whether, from the language used, a warranty was intended and made; also, whether there was a breach of the warranty because of the alleged defects in the machine and failure to perform the work; also, whether plaintiff had rescinded. Plaintiff moved for a directed verdict on the ground that, under the evidence, there was no disputed question of fact in the case, and that only a law question was presented. That is the principal contention of appellant upon this appeal. The assignments of error are upon this theory.

If these matters were properly jury questions, and plaintiff failed to establish them, then, under the instructions, the verdict was properly returned for the defendant. We do not understand appellant to controvert these propositions. We have no means of knowing upon what ground the jury found for the defendant. Appellant does not complain as to the form of the instructions, but, as said, complains that there was nothing to submit to the jury. Plaintiff relies upon express warranty. The abstract, as originally filed, did not contain any of the evidence introduced by the defendant. Thereafter, appellant filed two or three amended abstracts, and these in turn have been amended by an additional abstract by appellee.

1.  As we view it, the main question in the case is whether there was a warranty; or rather, whether the evidence was such as that it was for the jury to say whether there was or was not a warranty. If there was no such warranty as claimed by plaintiff, then the fact that the machine did not work as well as plaintiff thought it should, would not be so material. In other words, if there was no warranty, there could be no breach, nor could there be a rescission because of an alleged breach.

The evidence as to the alleged warranty, stated as briefly as may be, is as follows: Plaintiff had about 225 acres of corn to pick that fall, and his boys wanted him to get a corn picker; so he came to town the next morning, to see about getting one. A neighbor introduced him to George Johnson. Plaintiff asked Johnson what the warranty was on the picker, and Johnson replied that it was made—to be made—of good material, with good workmanship, and to do the work it was made to do. The

neighbor who was with plaintiff gives the conversation this way: That plaintiff asked Johnson in regard to the qualifications of the picker, and "Johnson told him it was—the workmanship was guaranteed and the material, and supposed to do the work it was made to do."

Plaintiff testifies that nothing was said at that time about the terms of payment, and it is not claimed by plaintiff that anything was said at that time about the price, or anything else in regard to the machine, to Johnson or by Johnson. It is not claimed that plaintiff had any other conversation with Johnson in regard to a warranty or in regard to the purchase of the picker than we have stated. The terms of the purchase were stated to plaintiff when he went to get the picker and settle for it, two or three days afterwards. Plaintiff does not remember that Johnson was present at that time. Other witnesses say that Johnson may have been in the store somewhere, or he may have stepped out. At that time, plaintiff gave his note, which was made out by one of the firm. Plaintiff says that he spoke about hitching onto the machine, and his brother said, "You don't hitch onto that picker until you settle for it." He then went in, and gave his note for $300. Plaintiff's brother, S. C. Thornton, testifying for plaintiff, somewhat evasively said that he did not say to plaintiff, at the time of the settlement, that he must settle for the picker at once, before it was taken out, and that witness would then go out and start the machine and test it out for him, and if plaintiff was not satisfied with it, witness would bring it back, and give back the note, and that, if plaintiff wanted to keep the machine, he must say so then, after the test. While witness gives his conclusion that he "does not think it meant what we said all through," he admits that that is the substance of what was said. After the settlement, the picker was taken to plaintiff's farm. Johnson and both the partners, S. C. Thornton and Miller, went along, wanting to see how it worked. S. C. Thornton further testified that, after the machine had been started and tested out that day, plaintiff said to Johnson, in his presence, that plaintiff was satisfied with the machine and would keep it; that plaintiff accepted the machine at that time.

The trial court, in its instructions, after defining warranty,

stated, in substance, that, if the statements are made by the seller, not as a mere expression of opinion, but as a positive statement of fact, made for the purpose of inducing a prospective purchaser to buy, and if they are believed and relied upon, and the buyer is induced thereby to make the purchase, the language would constitute a warranty, and so on; that whether or not there was a warranty, as alleged, depends upon the intention of the parties, as collected from their acts and expressions; and that, when the contract of sale is oral, it is one of the facts for the jury to determine; that, if the statements were made as alleged, it must appear that it was intended thereby to warrant the picker in the respects mentioned, and that it was so understood and relied upon by plaintiff; but that, if defendant's agent made a positive assertion that the picker was made as claimed, and would do the work, and such representation was not a mere expression of opinion, but made with intent to influence plaintiff to purchase the machine, and if plaintiff relied thereon, and did purchase it, then the intent on the part of defendant to warrant would be presumed; and that defendant could not now be heard to say that it did not intend to bind itself to the truth of the statement made. This is only the substance of the instruction on that point, and is as favorable to plaintiff as he could ask. The instruction, as a whole, is in harmony with the cases. Under the evidence before set out, we think it was a question for the jury to say whether there was a warranty. A finding either way would have sufficient support. The court properly overruled plaintiff's motion for a directed verdict. *Ellyson v. Peden,* 173 Iowa 217, 223; *Tewkesbury v. Bennett,* 31 Iowa 83; *McGrew v. Forsythe,* 31 Iowa 179; *Schlichting v. Rowell,* 140 Iowa 731, 735; *Davis v. Berkheimer,* 152 Iowa 270, 272; *Ellis v. Barkley,* 160 Iowa 658, 661. In cases where representations are relied upon as constituting fraud and deceit, it is held that whether a representation is an expression of opinion or an affirmation is a question for the jury. *Hetland v. Bilstad,* 140 Iowa 411, 416; *Creamer v. Stevens,* 192 Iowa 920.

2. Having disposed of the main point in the case, it is only necessary to refer to the other points briefly. Witnesses for plaintiff who operated the machine say that it worked pretty

well at first, did good work when it was not too dry or too wet; but that the machine broke several times, and new parts had to be supplied. It is contended by appellee that there is no evidence that the machine was not of good material and workmanship, or that it failed to work properly when properly operated. It is enough to say at this point that the evidence tends to show that it was not such a machine as plaintiff claims it was warranted to be.

3.   The evidence was sufficient to take the case to the jury on the question as to whether plaintiff rescinded the contract, because of the alleged breach, within a reasonable time.   It appears that plaintiff used the machine four or five weeks, and picked about 75 acres of corn with it.   The picker was first used on a farm about five miles south of town, and thereafter, or five or six weeks after the purchase, they hauled it to plaintiff's home farm, south of town.  .Plaintiff saw his brother, S. C. Thornton, and asked him what to do with the machine, and was told to leave it where it was; that he thought the defendant company would accept the machine down there just as well as at the place of business of the New Providence Hardware Company.   The defendant was not otherwise notified of any dissatisfaction on the part of plaintiff for more than a year, and it does not appear that the company itself, even then, was notified of the attempted rescission.   This, in connection with the use of the machine for four or five weeks, and the extent of the use, and under the evidence which tends to show that plaintiff accepted the machine after it was tested, and the other circumstances in the case, was enough to take the question to the jury as to the alleged rescission.   The cases hold that whether plaintiff attempted to rescind within a reasonable time was a question for the jury.

2. SALES: rescission: jury question.

Other questions of minor importance are argued by both sides, but we have noticed the points which are controlling. There appears to be no error, and the judgment is—*Affirmed.*

STEVENS, C. J., WEAVER and DE GRAFF, JJ., concur.