OELWEIN CHEMICAL COMPANY, Appellant, v. F. M. BAKER, Appellee.

SALES: Remedy of Buyer—Fraud and Breach of Warranty. A buyer who relies on breach of warranty and fraud must fail if he fails to prove his allegations.

Headnote 1: 35 Cyc. pp. 454, 457, 566.

*Appeal from Cedar District Court.*—JOHN T. MOFFIT, Judge.

JULY 1, 1927.

Action at law, to recover $120, with interest, on a written instrument, commonly designated as a trade acceptance, executed and delivered to plaintiff in payment of a certain quantity of hog remedy and worm powder. The defendant admits the execution and delivery of the trade acceptance and the receipt of the hog remedy, but pleads, in answer, (1) fraud, and (2) failure of consideration; and, by way of counterclaim, asked judgment against the plaintiff in the sum of $650, as damages sustained by defendant by reason of the loss of weight of his hogs and the death of twenty, from the use of said remedy. Cause tried to a jury, which returned a verdict in favor of the defendant, but allowed no damages on his counterclaim. On the judgment entered, plaintiff appeals.—*Reversed.*

*Wilson & Schmiedeskamp, F. L. McAvinchy,* and *J. C. France,* for appellant.

*Thompson & Thompson* and *A. R. Whitmer,* for appellee.

DE GRAFF, J.—Plaintiff sued to recover the purchase price of certain Occo Hog Remedy and Worm Powder sold and delivered by it to the defendant. Answer and counterclaim were filed. The jury denied the relief demanded on the counterclaim, but, no appeal having been taken by defendant, we are not concerned with the matters referable thereto.

The defendant, in answer, pleaded fraud, and alleged that the plaintiff-company, through its agent and representative, with intent to deceive and defraud, falsely pretended and represented to the defendant that the plaintiff-company was the manufacturer of a certain remedy designated as Occo Hog Remedy and Occo Worm Powder; that the same were compounded or blended from expensive drugs, and were rich in medicinal properties, and far superior to any hog remedy or worm powder heretofore manufactured and offered for sale by any person; that the said worm powder contained a large amount of santonin, and was warranted and guaranteed to eradicate and exterminate and free the defendant's hogs from worms, and would keep them free from worms; and that, if the defendant would use the rem-

edy in accordance with the printed instructions furnished by the plaintiff-company, the said remedy would keep his hogs in such a strong, healthy, and thriving condition that said defendant's hogs would be and remain free from all diseases commonly prevalent among hogs. It is also alleged that plaintiff falsely represented orally that, if the defendant would use the hog remedy as instructed in said printed instructions issued by plaintiff-company, said remedy would make the defendant's hogs immune from the malady commonly called hog cholera, and would thus obviate the necessity of vaccination, to prevent such malady. The essential allegations as to the reliance upon said representations, falsity, and scienter are also made.

The verdict of the jury read:

"We, the jury, find in favor of the defendant, and assess the amount of his recovery at no damages."

The trial court submitted the case on both the theory of warranty and of fraud. No exceptions were taken in this particular. Plaintiff moved for a directed verdict, at the conclusion of all the testimony, and therein challenged the sufficiency of the evidence to support either the plea of fraud or of breach of warranty. The well settled rule of law finds expression in *Boysen v. Petersen*, 203 Iowa 1073, wherein it is said:

"It is true that a warranty may be made the basis of fraud, provided that plaintiff pleads it as fraud, and makes the necessary allegations to constitute fraud. See *Hughes v. Funston*, 23 Iowa 257. Fraud, however, is distinguishable from breach of warranty. A warranty rests on contract, while fraudulent representation has no element of contract, and is essentially a tort." (With authorities cited.)

Fraud is never presumed, but must be proved, and the burden of proof is upon him who pleads fraud. It is also well established that he who pleads warranty must prove the breach thereof.

Was there any evidence tending to prove a breach of warranty, as alleged? With the sufficiency of the allegation we are not concerned, as an examination of the record discloses the fact that there is not a scintilla of evidence to establish the warranty, as alleged. It follows, therefore, that the motion to direct a verdict or to take from the consideration of the jury the question of warranty should have been sustained.

The challenge is also made by the plaintiff-appellant that there is no evidence to sustain the charge of fraud, as alleged, and an examination of the record supports this challenge as to the falsity of the representation, as pleaded. The defendant's witness Dr. Henry Hell, a veterinarian, qualified to speak as an expert, testified:

"Have had different stock foods called to my attention. Have relied upon experiment-station records, more than personal investigation. Defendant brought a sample of the hog remedy and the worm powder to the office about a week ago. From their physical properties I would say that Exhibit No. 1 is the same as the sample of the powder which Baker [defendant] brought to my office. I would say Exhibit No. 1 contains powdered American worm seed, and the rest of the contents is a saline of some kind. You can't tell what it is, by the taste. The effect of the American worm seed upon the mucous membrane of the stomach and intestines of a hog is an irritant. I can't tell from inspection whether Exhibit No. 1 contains santonin or not. It is odorless and tasteless, and is both crystal and powder."

The foregoing is substantially all the evidence introduced by the defendant to prove the falsity of the representations as to the ingredients of the hog remedy and worm powder. Nowhere in the defendant's testimony is there any evidence to prove the allegations of fraud, as contained in the answer. It is alleged in the answer that, if the defendant would use these remedies in accordance with printed instructions furnished by the plaintiff-company, certain results would be obtained. The defendant admits, in his testimony, that he did not use the remedy according to the directions and printed instructions. Plaintiff, in rebuttal, offered testimony by experts who made a chemical analysis of the hog remedy and worm powder in question which did establish that the representations claimed by the defendant to be untrue are true. This fact, however, is not material to the decision of this case, as the evidence fails to support the defendant's allegations of fraud, and consequently the motion for new trial should have been sustained on this ground.

We deem it unnecessary to review other alleged errors. The judgment entered is—*Reversed.*

All the justices concur.