GAIL DAHL, dba DAHL IMPLEMENT COMPANY, appellee, v. GLEN
ALLEN, appellant.

No. 48069.

(Reported in 53 N.W.2d 759)

JUNE 10, 1952.

John D. Beardsley, of Onawa, for appellant.

Shull & Marshall, of Sioux City, for appellee.

THOMPSON, C. J.—On June 22, 1950, defendant purchased from plaintiff a Model C Allis-Chalmers tractor at the agreed price of $1425 and accepted delivery. At the same time defendant made and delivered to plaintiff his check in the above amount in full payment. Before the check reached the bank upon which it was drawn defendant stopped payment. Plaintiff thereupon brought this action upon the check. Defendant set up the affirmative defense of breach of warranty, and by way of cross-petition pleaded the alleged breach of warranty, and that by stopping payment of the check he had rescinded the contract, and prayed the court find such rescission and order the check returned to him.

The case was duly assigned for trial for July 12, 1951. On Tuesday, July 10, when the case had been in the assignment for some time, defendant left the state for a stay of several days. His counsel notified plaintiff's attorney of this on the afternoon of Wednesday, July 11, and asked a continuance. Plaintiff said he had several witnesses ready to appear on the following day— the time set for trial—and it would be very difficult to get them together again, and he could not agree to a postponement. On July 12 plaintiff appeared with his witnesses prepared for trial. Defendant appeared by his attorney and requested the court to continue the cause. This the court refused to do.

Thereupon plaintiff introduced the check in evidence. Since the check, being a written instrument, imported a consideration, plaintiff was then entitled to rest his case. However, apprehending the court might continue the case to give defendant an opportunity to substantiate his affirmative defense and his cross-petition, and that his rebuttal witnesses might not then be available, plaintiff proceeded to introduce evidence upon the issue of breach

of warranty. Thus, in effect, he introduced his rebuttal evidence out of order and before defendant had made his case. The court thereupon inquired as to when defendant would be available and continued the case to July 20, 1951. At that time defendant appeared with his witnesses and introduced evidence to support his defense and cross-petition. After consideration the court found the issues in favor of the plaintiff and entered judgment upon the check.

Upon this appeal defendant assigns three errors: First, "the court erred at the time it continued this case July 12, 1951, after it had previously overruled appellant's request for continuance to July 19, 1951, and after the appellee had introduced his main case and also had introduced rebuttal testimony to the appellant's affirmative defense before such defense had been presented, in that the court's remarks admitted it was prejudiced and deprived the appellant of a fair and impartial trial, and such proceedings are against public policy"; second, "the court erred in its findings of facts, conclusions of law and judgment and decree entered in this case in the following particulars: A. In refusing to consider the undisputed and uncontroverted testimony of the appellant, Glen Allen, that he purchased the involved tractor from one Weimer, an employee of Gail Dahl, the appellee, with a warranty created by the statement, 'I will put a cultivator on and bring it down and if it doesn't satisfy you, it isn't your tractor' "; and third, "the court erred in overruling the appellant's motion for a new trial for the following reasons: 1. That the exact error set out above as Number I was presented to the court in the motion for a new trial and the court refused to give any consideration thereto. 2. That the legal situation referred to in Error Number II heretofore stated was presented in the motion for a new trial and the court refused to consider the proposition raised therein, or to make any determination of whether or not the oral conversation between the appellant and Weimer created a warranty, or to apply the rules of law applicable thereto."

It will be noted that the third assigned error is merely a reiteration of assigned errors 1 and 2, the complaint at this point being the court refused to hold with defendant upon them, or either of them, when they were raised in his motion for new

trial. If, therefore, there was no error in the court's holdings complained of in assigned errors 1 and 2, there was none in his ruling upon the motion for new trial, and assigned error 3 need not be further considered.

██ I. An analysis of the first error assigned shows it is bottomed upon a complaint that the court was prejudiced, and defendant did not receive a fair trial because thereof. Defendant concedes the court had discretion in refusing the continuance requested by him at the commencement of the trial. Nor is it possible to conceive how he was harmed because plaintiff introduced his rebuttal evidence before defendant had made his case upon the alleged breach of warranty. Defendant had the advantage then of knowing what plaintiff's evidence was before he introduced his own upon the question of warranty. The burden was upon defendant to plead and prove the alleged warranty, and its breach. Kelly v. Emary, 242 Iowa 683, 688, 45 N.W.2d 866, 870; Oelwein Chemical Co. v. Baker, 204 Iowa 66, 68, 214 N.W. 595; Hoffman v. Independent District of Hampton, 96 Iowa 319, 65 N.W. 322.

Defendant concedes, in effect, in his written brief, that plaintiff had made a prima facie case when he introduced the check in evidence; and if he had rested at that point and a continuance to permit defendant to bring his evidence upon the question of warranty had been denied, the court must have found for plaintiff. But if plaintiff rested at that point, and the defendant was granted time to make his showing, plaintiff would have been forced to reassemble his witnesses and bring them to court. He chose to go ahead with his rebuttal evidence. Defendant was not prejudiced; nor, in fact, did he make any complaint or take any exception at the time.

His claim of prejudice on the part of the court, which is the real basis for his first assigned error, rests upon a statement of the presiding judge when he continued the case to July 20, 1951, to permit defendant to introduce his evidence. The court said:

"I might say, Mr. Beardsley, that I think it would be only fair that you get in touch with Mr. Mayne and advise him, let him know, whether or not this man actually has a defense or in-

tends to present a defense. I think that statement is warranted from this record, from the court. I think you should, in fairness to Mr. Mayne, get in touch with him. It will maybe save him a trip, would you do that, please?"

Defendant thinks the court by this comment showed he was biased against defendant's case or had already made up his mind against it. We cannot so construe the record. Defendant, cognizant of the fact his case was assigned for trial on July 12, departed on July 10 without making any attempt to learn whether the case would be continued. His counsel did not, in fact, contact plaintiff's attorneys to ask a continuance until the afternoon of July 11, when defendant had already departed. That he might not intend to make a defense was not too far-fetched an inference from his conduct. The court did no more than to suggest that, if his counsel found no defense would in fact be made, he should advise plaintiff's attorneys so their time would be saved. If he had, in fact, been biased against defendant or his case he could readily have used his discretion in refusing any further continuance of the cause. Instead, he extended a full measure of leniency to defendant. We see no possible basis even for a suggestion of bias or prejudice on the part of the able trial court.

■■ II. Some further statement of facts must be made to illustrate and to demonstrate the unsoundness of defendant's second assigned error. The defendant, as a witness in his own behalf, testified that when he purchased the tractor in question he dealt with one of plaintiff's employees named Weimer. He said:

"They didn't have the John Deere, so he told me they had a C Allis-Chalmers that would do the work. I told him I came from 30 miles from Sioux City and he knew the condition of the ground. It was understood it was gumbo. I questioned whether that light a tractor would pull me. * * * He says, 'I will put a cultivator on and bring it down, *and if it doesn't satisfy you, it isn't* your tractor.' " (Italics supplied.)

It is the italicized portion of the foregoing statement upon which defendant rests his case at this point. He says that it

was an express warranty of complete satisfaction; it was undisputed in the record, and the court was required to accept it as proven. Since the record shows the defendant was not satisfied he urges he was entitled to a finding as a matter of law. He does not dispute the rule that when a court sits as a trier of the facts in a law case his findings have the effect of a jury verdict if there is any substantial evidence to support them. See Miller v. King, 240 Iowa 1336–1338, 39 N.W.2d 307; In re Estate of Puckett, 240.Iowa 986, 1001, 38 N.W.2d 593, and cases cited. But he says there was no contradiction of the above quoted testimony, and so it should have been accepted as affirmative, undisputed proof of the breach of warranty and the court's finding against him on the issue of warranty was error.

Defendant's first difficulty here is with his pleading. He did not plead the warranty which he says the above testimony proves. In paragraph 3 of his answer, after alleging the type of land on his farm and that it was known to plaintiff, he says: "The plaintiff represented to the defendant that the Model C Allis-Chalmers tractor would satisfactorily perform the work for which the defendant was purchasing the tractor."

Again, in paragraph 4 of the answer, he pleads: "That by reason of the facts contained in the foregoing paragraph, there was a failure of consideration for the check sued upon in this action in that the plaintiff, knowing the particular purpose for which the tractor and equipment was being purchased impliedly warranted that said tractor and equipment would be reasonably fit for such purpose, while in truth and fact, said tractor and equipment would not satisfactorily perform the work for which it had been purchased."

In paragraph 2 of his cross-petition he alleges: "That the defendant by stopping payment on said check thereby elected to rescind said sale because of the breach of an *implied* warranty as aforesaid." (Italics supplied.)

It is evident defendant himself pleaded the case upon the theory of implied, rather·than express warranty, and a fair construction of the language used, both in the answer and in the cross-petition, leads to the conclusion that he was claiming an implied warranty of fitness for the purpose for which the tractor .

was to be used. The trial court did no more than take him at his word; that is to say, he tried the issues as made by the pleadings.

Moreover, defendant's contention that the evidence, which he says shows a warranty of complete satisfaction, was uncontradicted is not supported by the record. Leland Allen, a son of defendant, testified for him that he was with him when he purchased the tractor. His version of Weimer's statement is this: "Mr. Weimer said he would bring it down there and try it and if *it didn't work* it wasn't our tractor." (Italics supplied.) This language would support an implied warranty of suitability for the intended use, it does not substantiate defendant's own testimony as to the warranty of complete satisfaction, but rather contradicts it. In itself it raised a fact issue for the trial court to determine, and if he decided it against defendant he was within his proper scope as a trier of the facts and his verdict cannot be overturned by us.

Considerable space is devoted by the opposing parties to the question of the effect of a warranty of complete satisfaction, and to the further point whether the court is bound to accept even undisputed evidence introduced by the party having the burden of proof as a verity. Since defendant's pleading did not allege an express warranty of complete satisfaction, but rather an implied warranty of suitability, and since in any event the evidence referred to was not without contradiction we need not discuss these matters.

We find no error in the rulings and judgment of the trial court.—Affirmed.

All JUSTICES concur.